## OWEN AND WIFE v. TANKERSLY, ADM'R.

Where the defendant in error cannot be found, after indorsing that fact on the citation, it is proper to serve it on the attorney of record; it is not necessary to return the original and procure an alias to be served on the attorney.

Although the citation in error misdescribe the judgment, the writ of error will not be dismissed, where the judgment is properly described in the petition, a copy of which accompanied the citation.

The citation in error may be amended so as to conform to the petition.

Error from Harrison. Motion to dismiss.

*Henderson & Jones*, for defendant in error.

WHEELER, J. The defendant in error moves to dismiss the writ, because, after a return of not found as to the principal,

the same citation was served on the attorney of record.   The
service, however, in this respect, appears to be in accordance
with the requirement of the statute; which is that if the party
is a non-resident, or, as in this case, " cannot be found, the
citation may be served on the attorney of record," &c.   (Dig.
Art. 793.)  No reason is perceived why an alias citation should
be issued for that purpose, if service is made before the return
Term.   To require it would be to occasion needless delay and
expense.

The defendant has further moved to dismiss because the
citation misdescribes the judgment.   It is true, that the cita-
tion does misdescribe the judgment; but it is accurately de-
scribed in the petition which accompanied the citation.   The
defendant in error was thereby apprised of the judgment it
was proposed to reverse.   He cannot have been misled by the
error in the citation ; for he, of course, knew that it was the
duty of the clerk, in the citation to follow the petition, and,
consequently that the misdescription was a clerical misprision.
But if the defect were material, the objection might be obvi-
ated by amendment of the citation, making it conform to the
petition.   It, however, is not considered material.   There can
be no pretence, that the service did not answer the purpose of
apprising the defendant of the judgment sought to be reversed,
and enabling him to come prepared for trial; and that is all
that should be required.   (Hillebrant v. Brewer, 5 Tex. R.
566.)   The motion is overruled.

Motion overruled.