RUFUS MORTON AND OTHERS V. WELBORN AND OTHERS.

Land levied upon and sold at a Sheriff's sale as the property of a defendant in execution, held by virtue of a location and survey under a certificate subsequently patented to the heirs of said defendant for the same land (is divested by such sale) if valid.

Where a defendant in execution receives the benefit of the proceeds of a Sheriff's sale, his heirs will not be heard to impeach it, without reimbursing the money so received.

Error from Red River.   Tried below before Hon. W. S. Todd.

Suit instituted by plaintiffs in error against C. C. Welborn and E. Rainey for ten 847-100, 165-100 labors of land patented to the heirs of John Morton, deceased, as assignee of E. Bruton.   The defendant, C. C. Welborn, claimed 320 acres by deed from Charles Welborn, and the heirs of Charles Welborn (who were made defendants) claimed 320 acres by bond from Wm. M. Harrison for 640 acres, including said two tracts of

320 acres.   And defendant, E. Raney, claimed 640 acres by bond from said Harrison to D. Raney.   The defendants called in said Harrison to defend.   Wm. M. Harrison claimed the land sued for by virtue of Sheriff's deed, said deed founded upon a sale made in September, 1843, under an execution issued from the District Court of Red River county in favor of Glasgow & Harrison against said John Morton.

The plaintiffs proved that they were the children of said John Morton, and read as evidence a patent for the land in controversy, issued to the heirs of John Morton.   The defendant then read as evidence the judgment and execution of Glasgow & Harrison against Morton, and Sheriff's deed to Harrison bearing date September, 1842, and Harrison's bond to Welborn & Raney for 640 each, and Charles Welborn's deed to defendant, C. C. Welborn, for 320 acres of the land that Harrison had conveyed to said Charles.

The execution under which the sale was made was endorsed "sale with appraisement; further, the levy was made upon 2614 acres of land, and that 1933 13-100 off of the North and East side was sold; and plaintiffs further proved that the execution was issued and levied upon the land in John Morton's life time;" and that the sale under the execution was made by the Sheriff after the death of said John Morton.

*S. H. Morgan*, for plaintiff in error.

*J. A. N. Murray*, for defendants in error.

WHEELER, J.   The ruling of the Court, admitting the deposition of the witness Sims to prove the date of the original survey for Morton, we do not think material.   The return upon the execution, and the Sheriff's deed, show that the land was levied on and sold as the prpperty of the plaintiffs' ancestor, held by virtue of a location and survey made for him upon the same certificate, upon which the patent issued under which

they claim. It thus sufficiently appears that the title conveyed by the Sheriff's sale and deed is the same now sought to be made the basis of a recovery by the plaintiffs. The sale, if valid, divested the title of their ancestor, and they cannot recover. But, whether valid or not, it was averred in the answer and appears in proof that the ancestor of the plaintiffs received the benefit of the proceeds of the sale, applied to the satisfaction of the execution against him. And under the decision of this Court in the case of Howard v. North, (5 Tex. R. 290,) the plaintiffs cannot recover the property, without reimbursing the purchase money paid, which went to the satisfaction of the judgment against their ancestor. This is according to the plainest dictates of reason and natural justice; and this they have not done, nor offered to do. They, therefore, have not shown themselves entitled to recover in this action by averment or proof. And this dispenses with the necessity of revising the rulings of the Court complained of in respect to the validity of the defendants title under the Sheriff's sale. The judgment is affirmed.

Judgment affirmed.