## R. B. Dawson and others v. H. Hardy, Administrator de bonis non.

1. In a case brought to this court by a writ of error which was sued out jointly by administrators and others, their co-defendants below, no bond for costs was executed by any of the plaintiffs in error, and it appeared that the court below had erroneously awarded execution against the administrators as well as against their co-defendants. *Held*, that the writ of error will be dismissed, except as to the administrators, and that the judgment against them be reformed, so as to withhold execution and require the judgment to be certified for payment in due course of administration.

2. (*On motion for a re-hearing.*) It further appeared that the suit was originally brought by an administrator, who died before judgment in the court below, and an administrator *de bonis non* was made plaintiff; but that the final judgment was erroneously rendered in favor of the deceased administrator instead of the administrator *de bonis non*. Though insisted in this court that the judgment was void, yet it is *held* that the judgment be reformed and rendered in favor of the administrator *de bonis non*, instead of the deceased administrator.

3. Though one of several defendants, sued upon a contract, may answer that he is surety for the others, and cause that fact to be tried as an issue at the trial; yet an answer to that effect is not to delay the judgment in the court below, nor can it affect the reformation of the judgment by this court, nor require a reversal of it. (Paschal's Digest, Article 4785.)

Error from Brazos. Tried below before the Hon. J. E. Shepard.

S. C. Brasher, administrator of the estate of John Millican, deceased, brought this suit to the Spring term, 1861, of the District Court for Brazos county. It was an action on a note for $1967, dated April 19, 1860, due January 1, 1861, and executed by R. Norwood, W. J. Millican, R. B. Dawson, Sarah V. Dawson and N. C. Millican to Brasher, as administrator of John Millican.

Though citations were issued and served, no further action was

taken until the Fall term, 1865, when the death of Brasher was suggested, and H. Hardy was made plaintiff as administrator. It was also suggested that R. Norwood and W. J. Millican were dead, and *scire facias* was ordered for their representatives when known. J. H. and A. H. McGregor, administrators of W. J. Millican, being cited, answered and alleged that their intestate was only a surety for Norwood, and prayed that the question of suretyship be tried, and that they have appropriate relief. This answer bears the file mark of April 2, 1867 ; but it seems not to have been called to the attention of the court below, for on the next day the plaintiff dismissed as to Norwood, and judgment by default was rendered against the other defendants. Ignoring the death of Brasher, the judgment was entered in his favor.

No objection to the judgment nor motion for new trial was made in the court below.

In March, 1869, the defendants filed their petition for a writ of error, and also a bond conditioned as à supersedeas bond, but not providing for the costs as required by Article 1517, Paschal's Digest.

In the assignment of errors, the rendition of judgment by default over the answer filed by the McGregors, and also the rendition of the judgment in the name of Brasher as administrator, after his death had been suggested and appeared of record, were relied on by the plaintiff in error, as well as other matters indicated in the opinion.

*Davis & Beall*, for the defendant in error, moved to dismiss the writ of error for want of the bond for costs, citing Waterhouse v. Love, 23 Tex., 559; Prestige v. Prestige, 25 Tex., 585, and Peabody v. Marks, 25 Tex., 21.

*Mills & Tevis, contra.*—If the administrators are properly before the court (of which we do not doubt), then the court has some of the parties properly before it; and if the cause is reversed

as to them, it will be reversed as to all the defendants below whether others are properly before the court or not, because the judgment rendered is indivisible.

It is admitted by us to be a settled rule of the common law that a writ of error must be brought in the name of all the parties against whom the judgment is rendered; and all had to assign errors. From sufficient cause some of the defendants might refuse to assign errors, and when this was the case a summons and severance was usually allowed, and then the order of the court usually was that one defendant alone might prosecute the writ brought jointly in the names of all. The practice in this State has been for parties to prosecute appeals or writs of error, either in the names of all or in their own, separately, if others do not join, without the delay or formality of summons and severance (4 Tex., 56, Burleson v. Henderson); and so it has been held that a judgment, being an entire thing, a reversal as to one of the defendants, operates as to all. (Cro. Jac., 289; 2 Arch. Pract., 259, cited in 4 Tex., 56; 6 N. H. Rep., 547; 10 Mass. Rep., 68.)

See the case of Burleson v. Henderson, 4 Texas, which was that of a bond, where the court announce the general rule, where the judgment is entire and where it operates against all of the defendants, a reversal as to one operates in favor of all. (See latter part of the opinion, 59-60.)

The indivisibility of a judgment was recognized in a case where a maker and endorser of a note were sued. (See Brown v. Hancock, 13 T., 22; and see 29 T., 88.)

We therefore say, that as the motion to dismiss is general, and as it appears that the motion is not good as to the administrators of Wesley J. Millican, deceased, it must be denied and overruled generally, as we do not believe the court will sustain it in part and overrule it in part, inasmuch as but one ground alone is alleged as against all the defendants, to-wit: want of a cost bond.

LINDSAY, J.—The bond for costs required by the statute was not given in this case before the obtention of the writ of error. (See Paschal's Dig., Art. 1517.) It was not necessary that the administrators should execute such bond. But it was necessary for all the co-defendants to execute such bond before they could invoke the action of this court. The judgment in the district court was taken by default against R. B. Dawson, Sarah V. Dawson, N. C. Millican, and the administrators of Wesley J. Millican, a deceased obligor, upon a joint and several note; and execution was ordered against the administrators, J. H. and A. H. McGregor, as well as against the surviving obligors. This was certainly error. This court therefore will dismiss the writ of error as to all the surviving obligors, because of the want of the bond for costs, and reverse and reform the judgment, as to J. H. and A. H. McGregor, by ordering that it be certified for payment by the administrators in due course of administration.

Ordered accordingly.

*Mills & Tevis*, for plaintiffs in error, moved for a rehearing on the following ground :

First—As the administrators of defendant, Millican, have been decided to be properly before the court by their writ of error, so they claim a right to have the judgment below reversed because a default was taken against them, over their answer filed in time, in which answer they set up that their intestate was a surety in the note sued on; and further, a general denial, which privilege is allowed by statute.

Second—They have a right to reversal, because the record shows the judgment to have been rendered in favor of a dead man (Brasher, administrator,) whose death was suggested at a term preceding the one at which judgment was rendered. Henderson Hardy, administrator of plaintiff below, nowhere appears as plaintiff in the judgment. Save in one or two places, the whole case is

carried on and conducted, including the judgment, in the name, of Brasher, administrator, as plaintiff.

Third—It is true this court reformed the judgment below so as to order the judgment to be paid in the due course of administration out of W. J. Millican's estate ; still, that estate will lose the benefit of a suggestion of its suretyship of the original defendant set up by them in the case.

Fourth—The judgment which this court has entered on the transcript, is an affirmance of a judgment in favor of a dead man.

· II. Hardy became a party before the judgment, not after, and though he became a party, the proceedings continued in the name of Brasher, administrator, whose death was suggested at former term.

Therefore, to maintain congruity in legal proceedings, this judgment against the administrators, over their answer, and further, for the reasons stated above, should be reversed, and the judgment below being indivisible, as shown by the briefs, should be reversed as to all the defendants below.

LINDSAY, J.—This application has been examined, and it does appear that the judgment in the court below was entered in the name of S. C. Brasher, administrator, instead of H. Hardy, who was appointed administrator upon the death of Brasher. Hardy had been made a party in his stead, and the judgment ought to have been entered in his name. The judgment is further reformed, therefore, by substituting the name of H. Hardy, administrator, etc., in the place of S. C. Brasher, in the judgment. The plea of suretyship set up in the answer of the administrators of W. J. Millican, deceased, can still be tried in the court below. The law did not allow that plea to delay the judgment in that court; nor does it affect the reformation of the judgment in this court. (See Article 4785, Paschal's Digest.)

Rehearing refused.