VERNON K. STEPHENSON v. THE TEXAS AND PACIFIC RAILWAY COMPANY.

1. WRIT OF ERROR—PRACTICE.—It is essential to the validity of a writ of error that it be brought by and against the parties to the record or their privies.
2. In a judgment rendered in favor of the "Southern Pacific Railroad Company," in suit filed 6th September, 1871: *Held*, under the various statutes on the subject, that a petition for writ of error filed July 10, 1873, and directed to "the Texas and Pacific Railway Company," was properly directed, and the writ will not be dismissed for want of proper parties.
3. The Texas and Pacific Railway Company is not a non-resident, and service upon the attorney of record of writ of error is insufficient.
4. CITATION BY PUBLICATION must be published for four weeks previous to return day, and the first publication must be four weeks (twenty-eight days) before the first day of the court to which it is returnable.

APPEAL from Harrison. Tried below before the Hon. J. B. Williamson.

The Southern Pacific Railroad Company brought suit by publication against Vernon K. Stephenson and W. B. Grubbs, alleged to reside in New York. Petition was

filed September 6, 1871, and on same day citation issued, upon which the sheriff made the following return: "Received in office September 6, 1871, and executed the within writ by publishing the same in the 'Marshall Weekly,' a newspaper printed and published in Harrison county, Texas, for four weeks next preceding the first Monday in October, 1871."

The citation was returnable to first Monday in October. At the next term thereafter judgment by default was rendered, canceling certain trust deeds held and claimed by defendants upon the property of plaintiff, and enjoining the defendants from issuing any bonds or obligations in the name of the company, and for costs of suit.

July 10, 1873, Stephenson and Grubbs filed petition for writ of error against the "Texas and Pacific Railway Company," which company was alleged to be the owner of the franchise held by the plaintiff, and privy in interest thereto in the matters in suit. The defendant in error was alleged to be non-resident, and service was had 10th July, 1873, on William Steadman and James Turner, attorneys, and A. T. Smith, local treasurer of the Texas and Pacific Railway Company.

The transcript was filed 18th November, 1873. December 16, 1873, was filed an agreement, signed by Wm. Stedman, attorney for defendant in error, and Robertson & Herndon, for plaintiff in error, placing the case "to the heel of the assignment of the present term, ending on 16th February, 1874."

May 23, 1874, was filed by same attorneys an agreement that the "case be transferred to the branch at Tyler, to the October term, 1874."

October 5, 1874, defendant in error filed a motion to dismiss the writ of error, because the original plaintiff was not made a party to the writ, and because parties were made who were strangers to the suit, &c.

A sufficient statement of the case appears in the opinion.

*Robertson & Herndon,* for plaintiff in error.

*Stedman & Sexton,* for defendant in error.

MOORE, ASSOCIATE JUSTICE.—The petition for the writ of error shows that the counsel by whom it was drawn, owing to the unusual circumstances of the case, labored under great embarrassment in determining upon the proper course of proceeding to secure a review of the judgment. To guard against any mistake, either in respect to the parties to the writ or its proper service, they have encumbered the record with impertinent averments and irrelevant and unnecessary matter.

The common-law strictness and regularity of proceeding in writs of error has never been observed or required in this court. When the practice is in conformity to the common law, the writ may be quashed on motion on its return to the appellate court; and if this is not done after errors are assigned, the parties to the writ demur or plead to issue, as in an original action. With us the motion to quash serves the purpose of the motion and demurrer under the common law. And, instead of reaching an issue by regular course of pleading, it is made, in our practice, by an implied traverse of the assignment of errors.

It is the logical result of this difference, in the course of proceeding in our courts, from that where the strictness and regularity of the common law prevails that many defects which would be fatal to the writ, when it is observed, are not regarded as absolutely essential with us. And hence it has been held that mere surplusage, or even the joinder of an improper party in the petition, may be disregarded, or the irregularity cured, without the absolute dismissal of the writ. Defects or omissions in the petition are obviated and supplied by the citation; and the citation may be corrected or aided by the averments of the petition. (12 Tex., 38; 16 Tex., 523; 8 Ala., 273; 9 Ala.,

731; 33 Tex., 198; 5 Tex., 566; 35 Tex., 657; 38 Tex., 513; 29 Tex., 88.)

But although great freedom and liberality has always been allowed in our practice in bringing cases into this court for review, it is mainly in respect to the form and manner of getting the judgment and parties before the court that there is any material difference in our practice and that under the common law. Hence, while improper and unnecessary parties may not absolutely require the dismissal of the case, if such as are necessary are properly before the court, and the judgment is properly described in the petition and citation in error, and a valid and sufficient bond has been executed to the proper parties, it is, nevertheless, as essential with us as at common law to the validity of the writ that it is brought by and against the parties to the record or their privies. If, therefore, the plaintiff in the court below has not been made a party to the writ, and the defendant in error, as is insisted, is in fact a stranger to the record, the motion to dismiss the writ should be granted.

But is the objection maintained by the record, and the evidence explanatory of it, presented in support of our jurisdiction, on the hearing of the motion to dismiss? The suit was brought and the judgment was recovered in the District Court by the Southern Pacific Railroad Company, a body corporate under a charter from the State of Texas. While it appears from the petition for the writ of error, stripping it of all impertinent and unnecessary averments, "The Texas and Pacific Railway Company" is made the defendant in error, unquestionably, then, if "The Texas and Pacific Railway Company" is not, in a legal sense, and for the purposes of this writ, at least, the same corporation, though now called by a different name, in whose behalf the judgment was rendered, or it is not in contemplation of law in such privity with it as to stand in place of and be dealt with as its lawful successor and represent-

ative, the writ is improperly brought, and should be dismissed.

The petition for the writ of error alleges that the Southern Pacific Railroad Company has been merged in and consolidated with the Texas and Pacific Railway Company; and the truth of averment is satisfactorily proved with sufficient certainty for the purposes of this writ by statutes of the State of Texas which were exhibited to us as evidence in support of our jurisdiction. (Const., art. V, sec. 3.)

In "An act to encourage a speedy construction of a railway through the State of Texas to the Pacific ocean," passed May 24, 1871, it is, among other matters, enacted "that all the rights, benefits, and privileges granted and intended to be secured by said act to the Southern Pacific Railroad Company and to the Southern Transcontinental Railway Company shall pass to and vest in the Texas Pacific Railway Company, . * * * * * whenever said Southern Pacific Railroad Company and said Southern Transcontinental Railway Company shall be consolidated with said Texas Pacific Railway Company." And authority is expressly given in said act for the consolidation of said companies, in such lawful terms and conditions as should be agreed upon by said companies and ratified by a majority of the stockholders of each of said corporations so consolidated.

And by "An act to define the rights of the Texas and Pacific Railway Company within the State of Texas, in order to encourage the speedy construction of a railway through the State of Texas to the Pacific ocean," passed May 2d, 1873, after reciting the authority given for the consolidation of said companies by said act of May 24th, 1871, it is said: "Whereas it appears from documentary evidence on file in the office of the Secretary of State of the State of Texas, that such consolidation has been effected," &c. And, among other things enacted by said law for the benefit of said Texas and Pacific Railway

Company, it is also declared as follows: "And the said Texas and Pacific Railway Company, as the successor of the Southern Pacific Railroad Company, a corporation of the State of Texas, shall construct," &c.

There is nothing in the record or in the evidence submitted with the motion to dismiss, for the purpose of enabling us to ascertain the facts for the proper exercise of our jurisdiction, by which we are informed of the terms upon which said companies were consolidated. In the absence of any such information, we think the inference is fully warranted, that from the consolidation thus effected by authority of the State of Texas, there exists a consolidated Texas corporation, known by law of this State as the Texas and Pacific Railway Company, in which is vested all the rights, powers, and privileges to which the Southern Pacific Railroad Company was entitled previous to said consolidation, and that the corporate existence of the Southern Pacific Railroad Company has been merged in and is now represented by said Texas and Pacific Railway Company; that the charter of the Southern Pacific Railroad Company is neither lapsed, forfeited, annulled, or surrendered, but still exists in its full force and vigor; these rights, privileges, and franchises being exercised to the extent and in the manner agreed and stipulated by the terms of their consolidation by the corporate organization and name of the Texas and Pacific Railway Company. If the entire corporate existence of the Southern Pacific Railroad Company is not merged in the Texas and Pacific Railway Company by the consolidation of these companies, it certainly devolved upon the party moving to dismiss the writ to rebut this presumption, plainly inferable from the acts of the Legislature, under and by virtue of which this company exercises and enjoys the franchises and privileges conferred upon it by the State of Texas, and is entitled to be known and recognized as a Texas corporation. But no effort to rebut this presumption has

been made, either by showing the terms of consolidation agreed to by said companies, or proof of the continued separate corporate existence of the Southern Pacific Railroad Company subsequent to said consolidation. From these premises, we think, it clearly follows that the defendant in error is not, as is insisted, a stranger to the record, but is, in fact, the party in whose favor the judgment stands, and against whom alone the writ of error can be prosecuted. (Paine v. Lake Erie and Louisville R. R. Co., 31 Ind., 283; The Indianapolis, Cincinnati and Lafayette R. R. Co. v. Jones, 29 Ind., 465; Racine and Mississippi R. Co. v. The Farmers' Loan and Trust Co., 49 Ill., 331; Ohio and Mississippi R. R. Co. v. Wheeler, 1 Black, 286; Commonwealth v. Atlantic and Great Western R. R. Co., 53 Pa. St., 9; 21 Ill., 451; 25 Ill., 353; Philadelphia, &c., R. R. Co. v. Howard, 13 How., 309; Mosier v. Hilton, 15 Barb , 657.)

The citation in error was not properly served. The defendant in error cannot be regarded as a foreign corporation, or in a legal sense as absent from or a non-resident of the State. The service of the citation upon the attorneys of record was, therefore, unwarranted and improper; nor was that upon the officer, discriminated in the return of the sheriff as "the local treasurer," authorized by the statute. (Pas. Dig., art. 4888.)

But the want of proper service of the citation in error was obviated by the voluntary appearance of the defendant, as shown by the agreements for continuance and removal of the case from the Austin branch of the court, to which it was returned, to that at Tyler, where the motion to dismiss was first made. It may be also added that the objection to the service of the citation was not presented within the time prescribed by the rule of the court in reference to exceptions of this character.

The other grounds assigned in the motion to dismiss

need no special consideration.   All of them are in effect disposed of by what has been already said.

The motion to dismiss the writ of error is overruled.

The fourth assignment of errors is the only one which it is necessary for us to consider for the proper disposal of the case.   The plaintiff in error was alleged, in the petition filed in the District Court, to be a non-resident of the State.   He was cited by publication to appear and answer the petition.   No appearance, however, was made for him, and a judgment by default was rendered against him at the second term of the court after the institution of the suit.   When service is had by publication, the citation, says the statute, "shall be published in some newspaper * * * for four weeks previous to the return day of the same." The record shows that the citation issued on the sixth of September, 1871.   The next ensuing term thereafter of the District Court of Harrison county, as is judicially known by us, commenced its session on Monday, the second day of October, 1871.   It is obvious, therefore, that twenty-eight days did not intervene between the issuing of the citation and its return day.   Consequently it was impossible for the citation to have been published four weeks, as required by law, so as to have been returnable at that term of the court, and thereby put the defendant in default on his failure to appear and answer to the action at the next succeeding term.   The publication of the citation in four issues of a weekly paper previous to the return day, as seems to be supposed to be sufficient by counsel for defendant in error, is not a compliance with the statute.   When a judgment is asked in an *ex parte* proceeding, based on service by publication, there must be a strict observance of all essential requirements of the law authorizing it.   (Hill *v.* Faison, 27 Tex., 431.)

The judgment is reversed and the cause remanded to the District Court.

REVERSED AND REMANDED.