CITY OF INDIANOLA v. THE INDIANOLA R. R. Co. ET AL.

(Galveston Term, 1882.)

LIABILITY OF RAILROADS AFTER CONSOLIDATION; use of streets; damages.

APPEAL from Calhoun county. Opinion by WATTS, J.

STATEMENT.— Appellant brought this suit June 28, 1872, against appellee to recover upon a bond for $50,000 and interest.

The substance of the case made by the petition is that the city of Indianola is an incorporated city; that the In-

dianola Railroad Company was incorporated by special act of the legislature, with its principal office at Indianola; that on the 4th day of August, 1870, the same was consolidated with the San Antonio & Mexican Gulf Railroad Company, under the name and style of "The Gulf, Western Texas & Pacific Railroad Company," by special act of the legislature passed the 4th day of August, 1870, and contract made in pursuance of the same; that the Indianola Railroad Company was created by act of the legislature, approved January 21, A. D. 1858, and the San Antonio & Mexican Gulf Railroad Company was created by act approved September 5, 1850; that said companies were authorized by their charters to construct a railroad from the mouth of Powderhorn bayou, on Matagorda bay, and from the town of Lavaca to the cities of Austin and San Antonio.

By the act of consolidation the Gulf, Western Texas & Pacific Railroad Company was authorized to construct such railroads.   On the 11th day of April, 1870, the Indianola Railroad Company applied to the city authorities for the right of way over certain of the streets and alleys of the city, which was refused on the ground that the construction of the road on the line designated would be detrimental to the interests of the city, etc., unless the road should be speedily extended at least sixty-five miles into the interior.

June 20, 1870, the city council passed a resolution granting to the company the right of way on the desired line, upon conditions set forth therein; among others, that said company should execute a bond in the sum of $50,000, conditioned that the company would construct and complete, alone or in conjunction with other companies, a continuous line of railroad from Indianola to the town of Victoria, and to a point twenty-five miles beyond, within twenty-two months from July 1, 1870.

On June 21, 1870, the board of directors of said company passed a resolution accepting the grant of the right

of way on the conditions mentioned, and authorized the president thereof to receive a deed from the city, and to execute and deliver the required bond.

The deed was made, executed and delivered by the city the same day, and the same day the company, through its president, made, executed and delivered the bond. That said company was afterwards consolidated as above stated, and that the company had failed to construct and complete the railroad to the point designated within the time therein named, but that it had failed and refused to comply in this particular with the terms of said bond. That the said company had constructed the road through the city of Indianola along the streets and alleys designated in said deed, and was then continuously occupying the same with its cars, to the great disadvantage, inconvenience and damage of the city.

The prayer is for a judgment of $50,000, as stipulated damages, with interest. The defendants filed general and special exceptions, among others, upon the following grounds:

1st. That it appears from the petition and exhibits that the consideration for the contract sued on is illegal, in that the company had the right to the use of the streets without paying any compensation therefor, and the city had no power over the subject-matter of this contract.

2d. That the contract was *ultra vires* both as to the city and the railway company.

3d. That the amount named in the contract or bond is a penalty, and not stipulated damages.

Cause tried October 3, 1873. Court sustained appellee's demurrers to appellant's petition, and rendered judgment that appellee go hence without day, and appellant pay costs, etc., from which this appeal was taken, and errors assigned as follows:

Court erred in sustaining the defendant's general and special demurrer to plaintiff's petition, and also in dismissing suit upon error.

OPINION.— All the questions presented by the record arise out of the sustaining of appellee's general and special exceptions to the appellant's petition.

Preliminary to the determination of these questions, it may be assumed as settled law that the consolidation of the Indianola Railroad Company, under the name and style of "The Gulf, Western Texas & Pacific Railway Company," by virtue of an act of the legislature passed the 4th day of August, 1870, renders the consolidated company liable for all the valid contracts and liabilities of the two companies thus consolidated. Stephenson v. Texas & Pacific R'y Co., 42 Tex., 166; T. & P. R'y Co. v. Murphey, 46 Tex., 360. Was the purported consideration of the contract or bond paid or furnished by the city of Indianola illegal?

Our statute then in force was in effect that the railway company could use any of the public streets or alleys without paying compensation therefor, and, in the event of a disagreement between the railway company and corporation, the dispute could be settled by the state engineer or such person as the governor may appoint.

From Paschal's Digest, articles 4936, 4937 and 4941, it will be observed that the statute does not give the company the right to occupy such streets and alleys as it may select in opposition to the will of the authorities of the town or city. Prior to the execution of the contract under consideration the railway company applied to the city authorities for permission to occupy certain streets and alleys as a road-bed, but this application was refused.

When this was done the company could, under the statute, have had their remedy; but in this dilemma the company preferred to settle the matter by agreement, and compromised with the city rather than risk a designation by the state engineer; that is, the company chose to pay the city for the right of way on the line desired, rather than accept that which might be designated by the state engineer, without compensation having to be made. There is noth-

ing in the law that would prevent the company from making such contracts with respect to its right of way upon the one hand, or the city upon the other, from contracting with regard to its streets and alleys to be used as a road-bed.

It is plainly inferable, from the provisions of the statute cited above, that railway companies and the cities or towns could settle such matter by agreement between themselves, and instead of being prohibited it appears to us that such agreements are authorized by the spirit of the law. We conclude that the consideration paid and furnished by the city of Indianola for the contract sued on is not illegal, and thus the city authorities had power over the subject-matter of the contract.

Appellee insists that the railroad company had no power to make the contract sued on. Upon this point Mr. Pierce, in his work on Railroads, pages 499 to 501, makes use of this language: "Corporations have an implied power to make such contracts as are usual and necessary for carrying into effect the purposes for which they were created."

The contracts of a corporation are presumed to be within its powers, and the burden of showing its incapacity by the terms of the charter is on the party who denies their validity.

In respect to the question of *ultra vires*, after a careful examination we conclude that the contract under consideration is not *ultra vires* as to the railroad company.

Nor do we think this contract is illegal for want of power in the city authorities to make the same. See People *v.* Kerr, 27 N. Y., 188; *In re* Boston & Albany R'y Co., 53 N. Y., 574; City of Clinton *v.* Cedar Rapids & Missouri R. R. Co., 24 Iowa, 455.

This brings us to the consideration of the only remaining question presented by the record, to wit: Is the amount named in the bond or contract sued on stipulated damages or a penalty? The authorities generally concur that in construing this class of contracts, as well as all others, the courts are governed by the intention of the parties; such

intentions generally to be arrived at by a consideration of the language employed and the subject-matter of the contract. Sedgwick on the Measure of Damages, 419; Field on Damages, 136.

Looking to the substance of this contract, without regard to its form, it appears to us to be an alternative agreement that, in consideration of the consent of the city to the occupancy of its main business streets by the road, the company bound itself to construct the road as named, or in the alternative to pay the city the said sum of $50,000.

Acting upon the well-settled rules of construction hereinbefore noticed, we have no hesitation in holding that the amount named in the bond is stipulated damages, and recoverable as such, taking the allegations of the petition as true. We conclude that the general and special exceptions to appellant's petition were erroneously sustained by the court, and that the judgment ought to be reversed and the cause remanded.

REVERSED AND REMANDED.