G., C. & S. F. R'y Co. v. HUTCHESON & CARRINGTON.

(No. 1888.)

APPEAL from Grimes County. Opinion by WILLSON, J.

BALLINGER, MOTT & TERRY, counsel for appellants.

HUTCHESON & CARRINGTON, and SEARS, counsel for appellees.

§ **96.** *Pleadings in justice's court; case stated.* Appellees brought this suit in justice's court upon the following claim: "Central & Montgomery Railroad Company, and Gulf, Colorado & Santa Fe Railroad Company, to Hutcheson & Carrington, Dr., May, 1882: To legal services in district court of Grimes county, in defending a suit of Thomas v. Central & Montgomery Railroad Company, $200." They recovered judgment against appellant for the full amount of said claim, interest and costs. Appellant removed the cause by appeal to the county court, where appellees recovered a like judgment.

Appellant excepted to the statement of appellees' cause of action, because it did not show how and in what manner appellant was liable for services rendered the Central & Montgomery R. R. Co. This exception was overruled. *Held,* that the ruling was correct. In justice's court pleadings in such case may be oral. Plaintiffs were entitled to prove the facts which would entitle them to recover against defendants without alleging those facts in a written pleading, and the same rule obtained in the county court on appeal to that court. [W. & W. Con. Rep. §§ 262, 765, 891; 2 W. Con. Rep. §§ 339, 562.]

§ **97.** *Consolidation of railroad companies; effect of as to liability of consolidated company for debts of its constituents.* This case having been tried by the judge without a jury, the court found that after the debt sued upon became due to the plaintiffs by the Central & Montgomery R. R. Co., the Gulf, Colorado & Santa Fe R'y Co. procured charter power to consolidate with and

merge into itself the first named company, and that this constituted a voluntary consolidation. That said G., C. & S. F. R'y Co. took all the property of the C. & M. R. R. Co. without paying anything into the treasury of said latter company, and that therefore the former is liable for the debts of the latter company, one of which debts is the one herein sued upon. These conclusions of fact are supported by the evidence. In 1882, the G., C. & S. F. R'y Co., by an amendment to its charter, procured authority to own, merge and operate the C. & M. R. R. Co. Geo. Sealy, having become the owner of all the stock and bonds belonging to the C. & M. R. R. Co., on June 12, 1882, sold and transferred the same to the G., C. & S. F. R'y Co., and by virtue of said sale, on the 15th June, 1882, said last-named company took formal and full possession of all the property of said C. & M. R. R. Co., and since that date has continued to hold, use and operate the same, and since said date the C. & M. R. R. Co. has ceased to exist. The C. & M. R. R. Co. received no money into its treasury in consideration of the transfer of its rights, franchises and property. In fact, said company, as a corporation, had nothing to do with said transfer to Sealy or to the G., C. & S. F. R'y Co. Sealy assumed to be the sole owner of the property of the C. & M. R. R. Co., and, as such, disposed of the same to the G., C. & S. F. R'y Co., and thereupon said last-named company, by an amended charter, merged and consolidated into itself the C. & M. R. R. Co. This action of the G., C. & S. F. R'y Co., whether valid or not as to the C. & M. R. R. Co., must, as to the creditors of the latter company, be regarded as a voluntary consolidation of the latter into the former company, and estops the former from denying or repudiating such consolidation in this suit. The trial judge did not err in his conclusion, that for the purposes of this suit there had been a voluntary consolidation of the C. & M. R. R. Co. by and with the appellant company. The question then arises, what is the legal effect of such consolidation with reference to

the debts owing by the C. & M. R. R. Co.?    This question has been settled in this state.    In the case of a voluntary consolidation the rule is that the consolidated corporation is held to have assumed the liabilities of its constituents. It is deemed the same as each of its constituents, and may be sued for their debts as if no change had occurred. [Stephenson v. R. R. Co. 42 Tex. 162; R. R. Co. v. Murphy, 46 Tex. 356; R. R. Co. v. Shirley, 54 Tex. 125; W. & W. Con. Rep. § 386.]    The facts of this case show a liability, under the law, on the part of appellant for the debt due appellees by the C. & M. R. R. Co.

§ 98. *Limitation; when the statute of, commences to run against claim for services as an attorney at law.* There was no error in finding against appellant's plea of the statute of limitation.    This suit was instituted April 8, 1884.    It is for services rendered by appellees as attorneys at law in a suit in the district court of Grimes county.    Said suit was compromised February 7, 1882, but was not disposed of in court until May 29, 1882.    Appellees' cause of action did not accrue until their services in said suit had been completed, and their services were not completed until said suit had been finally disposed of in court by the rendition and entry of the proper judgment in accordance with the compromise.    Two years had not elapsed from the time when the judgment was rendered and entered, which was the time when appellees' cause of action accrued, to the time of the institution of this suit, and hence the action was not barred.    [Jones v. Lewis, 11 Tex. 359; W. & W. Con. Rep. § 426.]

January 27, 1886.                                Affirmed.