No. 2576.

JOHN O'LEARY *v.* GEORGE W. DURANT.

1. CITATION BY PUBLICATION—RETURN OF SHERIFF.—A sheriff's return to a citation by publication to unknown heirs, which states the date when the writ was received, and that he caused it to be published in a newspaper (naming it) which was published in the county of the venue "for eight weeks successively," without showing when it was executed, is not in compliance with the statute. If eight weeks did not elapse between the date of the issuance of the citation and the beginning of the term at which the writ was returned, such return would not affect its validity as citation to the succeeding term.

2. ATTORNEY.—An attorney appointed by the court can not represent conflicting interests of parties for whom he acts as such.

3. JUDGMENT.—A judgment determining the extent of the interests of defendants as between themselves, which is not prayed for by the pleadings, can not be rendered.

APPEAL from Brazoria. Tried below before the Hon. W. H. Burkhart.

Suit brought by George W. Durant against the unknown heirs of W. H. Snyder, John O'Leary, and Thomas J. Ewing, for an undivided one-third interest in three hundred and twenty acres of land. The court appointed F. J. Duff to represent all the defendants, who filed a general denial and plea of not guilty. Judgment was rendered against O'Leary and Ewing, and in favor of the heirs for two-thirds of the land. This was not asked by the pleadings. Commissioners were appointed to partition, who reported at the same term, and judgment was rendered ordering a sale of the two-thirds interest of the unknown heirs to pay the costs of the proceeding.

*W. S. Brooks,* for appellant O'Leary.

No briefs for appellee have reached the Reporter.

WALKER, ASSOCIATE JUSTICE. The return of the sheriff to the citation by publication did not "show when the citation was executed and the manner thereof." (Rev. Stats., art. 1238.)

The time of publication could not have expired at the return day—the beginning of the term of court after issuance. This did not affect its validity as citation to the succeeding term. (Hall v. Baker, 23 Texas, 263.)

The interests of the defendants cited by publication were conflicting. Doubtless this was not known to the trial judge when he appointed an attorney. When the conflict became apparent the attorney should have been relieved of part of the duty assigned him, and another or others appointed.

While it was necessary to the decree of partition to ascertain that all the parties interested be parties, and to this end to ascertain the owners of the land sought to be partitioned, still, to go further, and by formal decree without pleadings to adjudicate between the interests of defendants, was irregular.

For the error in the defective return of the sheriff, the judgment is reversed and the cause remanded.

*Reversed and remanded.*