**MITCHELL et al. v. REITZ. (No. 1688.)** *

(Court of Civil Appeals of Texas. El Paso.
Dec. 18, 1924. Rehearing Denied
Feb. 19, 1925.)

**I. Process ⬥63—Statutory provisions as to service of citation mandatory, and writ becomes functus officis, where service has passed.**

Rev. St. arts. 1867, 1868, and 1874, as amended by Acts 36th Leg. (1919) c. 109 (Vernon's Ann. Civ. St. Supp. 1922, art. 1874) relating to service of citation are mandatory, and, where time for service has passed, writ becomes functus officis and affords no authority to officer for further action thereunder.

**2. Attachment ⬥209(4)—Where publication of citation not complete before return day, judgment rendered thereon void.**

Where publication of a citation, under Rev. St. art. 1874, as amended by Acts 36th Leg. (1919) c. 109 (Vernon's Ann. Civ. St. Supp. 1922, art. 1874), was not complete before return day thereof, judgment of court foreclosing attachment lien and ordering sale of lands thereunder was void and conferred no title to purchaser.

On Motion for Rehearing.

**3. Judgment ⬥17(9)—Citation will not support judgment, where publication made after return day.**

A citation will not support a judgment rendered at any time, where one of its publications was made after return day.

**4. Evidence ⬥413—Evidence that publication of citation was not completed before return day held not to contradict recital in judgment.**

Evidence, showing that publication of citation was not completed before November 17th, the return day thereof, does not contradict recital in judgment rendered thereon at following May term, to effect that citation had been published "more than the time required by law before first day of this term of court."

**5. Execution ⬥286—Purchaser, under void judgment of sale, paying delinquent taxes and interest, held entitled to reimbursement.**

Purchaser of lands, under void judgment foreclosing attachment lien, who paid delinquent taxes and interest on purchase price due to state and county, held entitled to be reimbursed therefor, as condition of recovery of title and possession.

Error from District Court, Pecos County; C. R. Sutton, Judge.

Action by M. J. Reitz against Edwin Mitchell and others. Judgment was entered, granting only part of the relief prayed for, and both parties bring error. Affirmed on rehearing. ·

See, also, 256 S. W. 697.

Turney, Burges, Culwell, Holliday & Pollard, of El Paso, O. W. Williams and Howell Johnson, both of Fort Stockton, and Wright & Harris and Collins & Jackson, all of San Angelo, for plaintiffs in error.

R. D. Blaydes, of Fort Stockton, Kemp & Nagle, of El Paso, and W. E. Hazard, of Rochester, N. Y., for defendant in error.

WALTHALL, J. The statement of the nature and result of the suit in plaintiffs in error's brief is substantially correct, and we adopt it, save and except such restatement as we may make as to the state of the proof, which will be made so far as deemed necessary in discussing the several propositions of plaintiffs in error, and defendant in error's cross-assignments of error.

March 17, 1924, M. J. Reitz filed first amended original petition in the Pecos county district court, complaining of Edwin Mitchell, J. W. Grant, F. S. Wilson, D. E. Lindsey, and John O. Weden, and sought to recover certain lands, alleging that the defendants had ousted him from said lands about November, 1920, under certain judgments, orders of sale, executions, and sheriff's sales out of causes Nos. 369 and 386, theretofore tried in the county court of Pecos county, Tex., wherein F. S. Wilson was plaintiff and M. J. Reitz, defendant; that the proceedings in cause No. 369 were void, because the defendant was a nonresident, entered no appearance, filed no answer, and authorized no attorney to appear in his behalf, the judgment being partly in personam, contradictory in its terms, and the premises were sold at a grossly inadequate price. He attacked the procedure in cause No. 386 on the same grounds, and, further, because the indebtedness was the same involved in cause No. 369, failure to file statement of the evidence, lack of notice of sales, insufficiency of citation, and improper service.

It was also claimed that the defendants had connived, conspired, and colluded among themselves to secure the lands in question at sheriff's sale for a grossly inadequate price,

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error granted April 15, 1925.

the county judge rendering both judgments, and having acted as the agent of both Grant and Wilson in purchasing said lands at sheriff's sales; that Reitz had neither actual nor constructive notice of such attachment proceedings until just before the institution of this suit, except as to cause No. 369, in which he had been served with a nonresident's notice.

Plaintiff prayed for title and possession of the lands, for judgment quieting his title, for cancellation of the judgments in causes Nos. 369 and 386 and deeds executed by the sheriff in pursuance therof, as well as outstanding oil and gas leases, and for general and equitable relief.

The first amended original answer of the defendants Grant, Lindsey, and Weden consisted of general denial, plea of not guilty, and special answer, where it was alleged that the lands purchased by Grant at the sheriff's sale were school lands, upon which there was due and owing the state of Texas approximately $4 per acre, and upon which the taxes had become delinquent for the years 1916, 1917, 1918, and 1919, as well as the annual interest due the state of Texas, all of which delinquent taxes and annual interest amounted to approximately $1.50 per acre, which added to the $4 due the state of Texas represented a sum in excess of the actual value of the land; that he was required to pay such delinquent interest and taxes in order to prevent the state of Texas from forfeiting the original sale and canceling all titles to the lands and to prevent the state and county from foreclosing its tax liens thereon; that they purchased the lands as bona fide purchases for value, without any knowledge of the plaintiff's claims and in reliance on their title, paid out and expended the hereinabove mentioned sums of money to protect the same, all of which inure to the benefit of the lands, and would inure to the plaintiff's benefit should he recover the same, wherefore, they prayed that the plaintiff take nothing against them, but that, if he should recover the lands purchased by Grant, proper accounting be made, and the defendants reimbursed for the sums expended for delinquent taxes, interest and overdue interest due the state and lien be fixed to secure the payment thereof.

The first amended original answer of the defendant Edwin Mitchell consisted of an adoption of the first amended original answer of his codefendants Grant, Lindsey, and Weden and of a special plea to the effect that he had acquired title under his codefendant F. S. Wilson at the sheriff's sale mentioned in the plaintiff's petition, for a valuable consideration; that at the time Wilson purchased the lands at such sales the interest due the state of Texas on the deferred payments due on said lands, being something more than $4 per acre, had been delinquent for 1916, 1917, 1918, and 1919,

and the school, state, and county taxes for the same years had not been paid; that said lands sold at sheriff's sale were subject to legal charges, for interest and taxes of more than $4.50 per acre on three of the tracts, and more than $4.50 on section 4, the fourth tract, and subject for forfeiture for default. in payment of interest, as well as foreclosure of tax liens thereon; that in order to protect the title he was compelled to and did expend something like $1,000 to cover interest due the state and delinquent taxes; that the prices paid for the land at sheriff's sale, when taken in connection with the incumbrances outstanding against the same, were fair and reasonable and approximated the full value thereof.

The defendant F. S. Wilson filed a disclaimer. After all the evidence was in, the defendants filed motions for judgment, all of which were overruled and exception noted. Thereafter, on March 18, 1924, the court entered judgment in favor of the defendants for all lands acquired under sales made in pursuance of the proceedings in the county court case No. 369 and in favor of the plaintiff for all lands attempted to be sold in pursuance of the proceedings in cause No. 386, in the same court, making the plaintiff's title contingent, however, on his reimbursing the defendants Grant and Mitchell for the several sums of money expended by them in the payment of school land interest and state and county taxes; Grant's outlay aggregating $950.20 and Mitchell's $508.25.

In connection with the judgment, and as part thereof, the trial court found that the plaintiff had failed to establish his claim of collusion, conspiracy, and fraud; that, while the proceedings in cause No. 369 were in all respects regular and the purchasers thereunder took good title to the lands sold them, the citation in cause No. 386 and service thereof were both insufficient to confer jurisdiction on the court, and no title to lands could be acquired thereunder.

## Opinion.

For brevity we will designate plaintiffs in error as appellants, and defendant in error as appellee.

Appellants J. W. Grant and Edwin Mitchell, each filed a motion for judgment in his favor, the former for two sections of land purchased by him under the foreclosure sale, in cause 386, Wilson v. Reitz, disposed of in the county court, the latter for all of the lands purchased by F. S. Wilson at the execution sale in above-stated cause 386, Wilson v. Reitz; both motions stating that there was no evidence offered that would authorize the setting aside the foreclosure sale under the judgment. Appellants' first proposition claims error in overruling Grant's motion for judgment, and the second proposition claims error in overruling Mitchell's motion for judgment.

The record discloses that in said cause No. 386, F. S. Wilson v. M. J. Reitz, recovery was sought for an indebtedness of $221.20; the citation was by publication; the command in the writ was to summons Reitz by making publication of the citation once each week for four consecutive weeks previous to the return day thereof. Only three publications were made prior to the day upon which Reitz was commanded in the citation to appear and answer to the suit and one publication was made after return day of the citation; that is, the citation by publication in cause No. 386 commanded the sheriff to summon Reitz to appear on the 3d Monday in November, 1919, that being the 17th day of that month. The return on the citation, a printed copy thereof, and the affidavit of the publisher each shows that the publications occurred on October 31, November 7, November 14, and November 21, 1919; the last publication appearing after the county court had convened the November, 1919, term, which the citation was made returnable.

The county court judgment, rendered on May 29, 1920, recites:

"That defendant has been cited to appear and answer herein by citation published [stating the paper]; said citation having been published more than the time required by law before the first day of this term of court."

Article 1874, Rev. Stat., as amended by chapter 109, Acts 36th Leg. (1919) p. 168 (Vernon's Ann. Civ. St. Supp. 1922, art. 1874), applicable here, provides:

That a citation to a nonresident of the state "shall command the officer to summon the defendant by making publication of such citation [stating how and where published], once in each week for four consecutive weeks previous to the return day thereof."

There was no acceptance of service, or entrance of appearance for Reitz in the case, and the jurisdiction of the county court to enter judgment depended solely upon the sufficiency of the publication of the citation as commanded by the writ to require Reitz to appear and answer at the May term or at some subsequent term. The contention of appellant is that the publication of the citation, as made, was sufficient to require Reitz to appear, and answer at the succeeding term of the court.

Articles 1867 and 1868, R. S., relating to personal service of citation, provide that the citation shall be served before the return day thereof; and, in order to compel the defendant to plead at the next term of the court, the service must be made at least 10 days before the first day of the return term, exclusive of the days of service and return, and, if the citation be issued too late, or cannot be served at least 10 days before the first day of such return term, exclusive of the days of service and return, the officer shall nevertheless proceed to serve the same at any time before the return day, and such service shall compel defendant to plead at the next succeeding term. In the personal service of citation, as in service by publication, the statute directs that the service must be made before the return day of the writ.

[1] Our courts have uniformly held that the statutory provisions relating to the service of citation and other like writs are mandatory; that, where the time for service has passed, the writ becomes functus officis and affords no authority to the officer for further action thereunder. Towns v. Harris, 13 Tex. 513; Hester v. Duprey, 46 Tex. 626; Mitchell v. Ireland, 54 Tex. 306; Harrington v. Harrington (Tex. Civ. App.) 16 S. W. 538, in which Judge Willson said:

"Service of a citation after the return day thereof is a nullity, and will not authorize a judgment by default."

To the same effect is the more recent case of Blanton Banking Co. v. Taliaferro, 262 S. W. 196, by the Dallas Court of Civil Appeals.

In Stephenson v. T. & P. R. R. Co., 42 Tex. 162, 169, where the publication of the citation was not complete between the issuing of the citation and its return day, and judgment by default was rendered at the second term after the institution of the suit, the court held that the publication was not a compliance with the statute requiring the publication be made before return day, and said:

"When a judgment is asked in an ex parte proceeding, based on service by publication, there must be a strict observance of all essential requirements of the law authorizing it."

Cases might be multiplied to the same effect.

We have reviewed the cases to which we have been referred by appellants, and they do not announce a holding different to the above. What has been said in discussing the first and second propositions applies to appellants' remaining propositions.

[2] The publication of the citation not having been complete before the return day thereof, the court was without jurisdiction to render judgment against Reitz and foreclose the attachment lien, and a sale of the lands thereunder conferred no title to the purchaser. The failure to complete the publication of the citation before the return day of the writ is not a mere irregularity. Publication of the citations after the return day do not serve to give notice, it is no service, and a judgment rendered on such service is void. If one publication could properly be made after return day, all could.

The trial court found and so stated in the judgment that J. W. Grant and Edwin Mitchell purchased certain of said lands under the

orders of sale of the court in cause No. 386, Wilson v. Reitz, and had paid delinquent taxes and delinquent interest due the state and county of Texas, on certain of the lands described, the sums and expenditures so paid being legitimate and outstanding charges against said lands so purchased, and that Grant and Mitchell were entitled to be reimbursed therefor.

In awarding the right of Reitz to recover the title and possession of said lands, the court decreed that said right shall not become absolute under the judgment or title be vested in him until Reitz shall have paid into the registry of the court, for the use and benefit of Grant and Mitchell, the said several sums of money paid by them as above.

Appellee, Reitz, by cross-assignment insists that the judgment in said cause No. 386 being void, the purchasers in paying the delinquent taxes and delinquent interest were mere volunteers, and are not entitled to be reimbursed therefor, or subrogated to the lien of the state and county for such taxes and interest so paid by them. The question presented is not free from difficulty in its solution. The back taxes and delinquent interests were proper charges against the lands sold by the sheriff under the order of sale, and the purchasers bought the lands subject thereto. The discharge of the taxes and delinquencies released the lands bought by Grant and Mitchell from the taxes and tax liens due the state and county. The payments of such charges were without the knowledge and consent of Reitz, but were made to protect the lands bought against the taxes, tax liens, and delinquent interests, which were superior and first claims against the lands to any claims that could be asserted by Reitz, or Grant and Mitchell, and for the nonpayment of which the lands might have been sold and a title superior to all the claims of appellants and appellee be given.

We have found no case in this state which seems to rule the question presented. It, however, seems to be the general rule that one is a volunteer who does something which he is not legally or morally bound to do, and which is not in pursuance or protection of any interest. Where one, though not obliged to do an act, yet has an interest to protect, or makes the payment by request, one is not necessarily a volunteer. But one cannot acquire an interest through a sale under a void judgment. In Freeman on Judgments (3d Ed.) § 117, it is said:

"A void judgment is in legal effect no judgment. By it no rights are divested. From it no rights can be obtained. Being worthless in itself, all proceedings founded upon it are equally worthless. It neither binds nor bars any one. All acts performed under it, and all claims flowing out of it are void. * * * The purchaser at a sale by virtue of its authority finds himself without title and without redress. For, if it be null, * * * no resulting equity in the hands of third persons, * * * can invest it with any of the elements of power or of vitality."

In Dye v. Crary, 13 N. M. 439, 85 P. 1038, 9 L. R. A. (N. S.) 1136, it was held that one who buys an interest in an unpatented mining claim at a void judicial sale, and pays the assessment work due from the judgment debtor before the time to redeem has expired, is not subrogated to the rights of the party seeking the forfeiture, although the payment and its acceptance prevents the forfeiture as against the judgment debtor.

In Churchman v. Indianapolis, 110 Ind. 259, 11 N. E. 301, and referred to in Pennock v. County of Douglas, 39 Neb. 293, 58 N. W. 117, 27 L. R. A. 121, 42 Am. St. Rep. 579, from which we quote, it is said:

"Money voluntarily paid on a demand in the nature of a tax, * * * cannot be recovered back, in the absence of an express statutory provision authorizing such a recovery."

In State v. Piscataway, 43 N. J. Law, 353, and referred to in Pennock v. County of Douglas, supra, it is said that—

A "purchaser [at a void tax sale] is a volunteer, and buys at his own risk."

The same ruling is announced in Loomis v. Los Angeles County, 59 Cal. 459. To the same effect is Chapman v. Brooklyn, 40 N. Y. 372; Sullivan v. Davis, 29 Kan. 28; San Francisco & N. R. Co. v. Dinwiddie (C. C.) 13 F. 789, where a void assessment was made, it was said the payment was voluntary and cannot be recovered back. See, also, Cooley on Taxation (1st Ed.) p. 328; Westy on Taxation.

From the authorities we have reviewed, we have concluded that plaintiffs in error ought not recover the amounts expended by them under the void judgment, and that defendant in error's cross-assignment must be sustained.

The case is affirmed, except as to the portion of the judgment awarding recovery for the amounts expended by Grant and Mitchell, and as to said amounts the judgment is reversed, and here rendered for defendant in error.

### On Motion for Rehearing.

Plaintiffs in error complain, in the motion, that the only case cited in the opinion having reference to service of citation by publication is Stephenson v. T. & P. Ry. Co., 42 Tex. 162, and contend that it announces a rule wholly inapplicable at this time because of the provision of article 1264, R. S., at the time of the rendition of that opinion providing that, in service of citation by publication, the answer shall be filed on or before appearance day of the next succeeding term to which such citation is returnable, and that, in the Stephenson v. Ry. Case, citation had been actually published four times before

the court convened at the first term after suit.

It seems to us that plaintiffs in error confuse the question at issue; that is, the effect of service of the citation after return day as giving notice to a defendant to appear and answer, with the statute fixing the time when answer shall be filed. Plaintiffs in error refer to Hill v. Baylor, 23 Tex. 261, as the leading case and say that it does not absolutely declare that one of the publications was made after November 17, 1856, the date court convened, and quotes from the judge's memorandum, and the syllabus, from which they reason the holding to be that, where the time was too short for the required number of insertions in the newspaper before the return day of the citation, the effect of the publication thereafter would be to require the answer be filed at the next term of court. We did not, in writing the opinion, and do not now, think the case in point. Judge Wheeler in making the statement in the Hill v. Baylor Case says:

"The petition alleged that the plaintiff in error was a nonresident of the state; it was filed on the 21st day of October, 1856. On the same day there was issued by the clerk of the district court a citation for publication, as to the nonresident defendants, containing the substance of the petition, and the sheriff returned it, served by publication in a newspaper published in the county [quoting] 'for four successive weeks previous to return day.' The return was dated November 17, 1856, and filed December 3, 1856. At the fall term, which began on the 17th day of November, 1856, the case was continued [quoting]; 'it appearing to the court, that the service in this cause has been made in part by publication.' "

Judgment by default was rendered at the spring term, 1857. As we read the case, from the statement made by the court and the statement in the opinion of the court, there is nothing to indicate that any one of the publications was made after the return day of the citation. To assume otherwise would be to contradict the quoted part of the sheriff's return. To hold that the Supreme Court sustained the judgment by default where the service was made after the return day of the writ, as seems to us, would make the opinion in the case conflict with the provision of the statute in its articles providing for the service of citation, whether by personal service or by publication, and in conflict with the command in the citation itself.

The opinion recites:

"The sheriff's return upon the writ shows that publication had been made for four successive weeks. The return does not appear to have been made until after the expiration of four weeks; that was after the first day of the term."

To us there is nothing in the record of the case, including the syllabus, to indicate that any one of the publications was made after the return day of the citation. The return day of the citation is not anywhere stated.

The point decided, as we understand it, is as to the sufficiency of the service to require answer to the succeeding term where, for want of time, the four publications could not be made to the return day of the writ. Now, if any one of the publications was made after the return day of the writ, the case would be in point as to the sufficiency of the publications to require answer to the May term. To us the case seems to have no application to the issues in the instant case.

To the same effect is the holding in Eels v. Blair (Tex. Civ. App.) 60 S. W. 462, referred to by plaintiffs in error, in which the completion of the service as to Eels, and the unknown heirs of Eels, required answer on May 2d, and the last publication was made on May 5th, held the service was sufficient for Eels to the May terms, the suit having been dismissed as to the unknown heirs. There is nothing to indicate that a publication was made after the return day of the writ, more than the order of the court for eight publications and to the next term, to wit, May 2d. The recitation of the citation itself is not otherwise stated. It is clear, however, that the return day of the writ as to Eels, only four weeks as to him being required, was beyond the four weeks. The point decided was as to the time of the publication, as to Eels, to require an answer.

To the same effect is O'Leary v. Durant, 70 Tex. 409, 11 S. W. 116, referred to by plaintiffs in error. The sheriff's return to the citation by publication did not show when the citation was executed and the manner of its execution. The Supreme Court said:

"The time of publication could not have expired at the return day—the beginning of the term of court after issuance. This did not affect its validity as citation to the succeeding term."

The question decided was as to the sufficiency of the notice to the next term to require answer. The only point having application to the issue here is embraced in the statement of the court that the publications of the citation were made before the return day of the writ. That being a fact, the case has no application to the instant case.

[3] It certainly is a correct proposition of law that a citation—any one of its publications made after return day—would not support a judgment rendered at any time. The county court judgment, rendered in May, 1920, recites that the citation had "been published more than the time required by law before the first day of this term of court."

[4] Plaintiffs in error, in the motion, insist that it was error to admit evidence to show that the citation was not published for sufficient length of time to authorize the rendition of the judgment. The whole record shows that the publications were all ful-

ly made before "this term"; that is, the May term, 1920. Certainly no evidence was offered to contradict that recitation in the judgment. It was not an issue in the case, and we have not found in the record any evidence offered, the purpose or effect of which was to contradict the quoted statement in the judgment.

[5] We have concluded, however, that we are in error in sustaining defendant in error's cross-assignment, and that the trial court's judgment upon that issue must be sustained, under the following authorities from our own courts to which we have been referred in the supplemental argument on the motion by plaintiffs in error. French v. Grenet, 57 Tex. 273; Northcraft v. Oliver, 74 Tex. 162, 11 S. W. 1121; Morton v. Welborn, 21 Tex. 772; Howard v. North, 5 Tex. 290, 51 Am. Dec. 769; Walker v. Lawler, 45 Tex. 532; Halsey v. Jones, 86 Tex. 488, 25 S. W. 696; De Guerra v. De Gonzalez (Tex. Civ. App.) 232 S. W. 896.

We need not review them.

In all other features of the motion the same is overruled.