## BAILEY'S ADM'R v. WHITE.

Where the land in controversy was purchased by the defendant under an execution against the plaintiff's intestate after the decease of the latter, and the defendant had gone into possession and paid the taxes, and there was no proof of payment of the taxes in behalf of the plaintiff's intestate, it was held, that the plaintiff could not recover for the use and occupation.

Where there was a valid judgment against partners, and after the decease of one of the partners execution was issued thereon, and levied upon real estate belonging to the deceased partner, which was sold; in an action by the administrator of the deceased partner against the purchaser to recover the property, it was held that the defendant could not be compelled to restore the property purchased until reimbursed the amount paid by him, and that he, being a purchaser in good faith, was entitled to compensation for permanent improvements made by him; and that it was properly decreed that no writ of possession should issue until the plaintiff had paid the money into Court for the benefit of the defendant, and that if plaintiff failed to pay the money within twelve months, the title should be vested in the defendant.

Appeal from Washington. Action of trespass to try title by the appellant against the appellee, commenced August 4th, 1852. The judgment under which the land was sold, was against a partnership of which the plaintiff's intestate was a member; and the execution was issued, and the levy and sale made after the death of said intestate. The sale was made in 1845, and the defendants had been in possession ever since. Before the commencement of the suit, plaintiff offered to refer

the question of improvements. Letters of administration were issued to plaintiff in 1850. A jury was waived. The other facts will be found in the opinion of the Court.

*J. Sayles*, for appellant. It is insisted by appellant, that he was entitled to a judgment for the lot and damages for the rent.

The execution, levy and sale were null and void.

1st. Because no execution was issued within one year after rendition of judgment, (Shepard v. Bailleul, 3 Tex. R. 26,) when this identical execution was before the Court.

2nd. Because the execution was issued, levied and the land sold after the death of Bailey. (Conkrite v. Hart, 10 Tex. R. 140.) The defendant could not hold under the statute of limitations, because he purchased and went into possession after the death of Bailey.

The defendant sought to bring this case within the principle laid down in the case of Howard v. North, 5 Tex. R. 290. But there is a striking difference between that case and this.

Here Bailey was dead before execution issued ; the judgment was not a subsisting claim against his estate, but survived against the partners. The creditor could not resort to his estate until the partnership property was exhausted.

It would be establishing a dangerous principle to assert that a valid sale could be made of the property of a deceased person, under a void execution, simply on the ground that a just debt was discharged. If such a principle were admitted, the laws governing the settlement of successions would amount to nothing.

There is no pretence that the purchaser was ignorant of the death of Bailey. If in any case the rule of *caveat umptor* should apply, it should apply when the estates of dead men are concerned. Under the principles of the case of Howard v. North, the judgment of the Court below is erroneous.

If, upon principles of equity, the defendant is entitled to his

purchase money, interest and pay for his improvements, he should do equity and should pay the value of the use of the premises while in his possession.

The rent was disallowed under Art. 3234, Hart. Dig. It was not proven by competent testimony that the plaintiff had not paid the taxes, only that the land had not been rendered for taxes in Washington. There was only a period of two years (1848–9) when taxes were required to be paid in the county. During the other years it might have been paid either at the Comptroller's office or in the county where the party resided. Damages for rent were claimed in the petition, and before commencement of suit the plaintiff offered to refer the question of improvements.

However that may be, the defendant cannot in good conscience insist upon legal rights to defeat the recovery of rent, when he has no legal right to the land, when his defence is alone equitable. The rent was proven to be worth $150 per annum. He was in possession nine and a half years, which would entitle plaintiff to the amount of $1425, only a few dollars less than the sum he was decreed to pay.

*J. Willie*, for appllee.

LIPSCOMB, J. This suit was brought for a lot in the town of Washington, and to recover damages. The plaintiff proved his title. The defendant set up in his defence a purchase at Sheriff's sale under an execution sued out on a valid judgment against plaintiff's intestate, and proved the payment of the money, and the Sheriff's deed; that the money paid was applied to the satisfaction of the judgment against plaintiff's intestate; that he had made large improvements, valued at eight hundred and fifty dollars, and had paid all the taxes assessed on the said lot ever since his purchase thereof. It was admitted that the execution on which the lot was sold was not a valid one, there having been a failure of due diligence in

suing out the first execution and then regularly keeping the judgment alive by *alias* executions. It was, however, shown that the defendants in the judgment had prayed a writ of error to the Supreme Court of the Republic, and given bond for the prosecution thereof, but had failed to take the case up for revision. The parties waived a jury and submitted the case to the Judge.

It was adjudged that plaintiff recover the lot sued for; that the defendant recover the amount paid by him with interest from the date of its payment, and the further sum of eight hundred and fifty dollars, the value of the improvements made by him, making the aggregate sum of fourteen hundred and thirty-eight dollars and eighty-seven cents; that no writ of possession should issue until the plaintiff had paid the money into Court for the benefit of the defendant, and that if plaintiff failed to pay the money within twelve months, the title to be vested in the defendant. The plaintiff appealed and has assigned for error,

That the Court erred in refusing to allow the pay for the rent of the lot sued for as proven on the trial.

That the Court erred in requiring the plaintiff to pay the defendant the sum of $333 33, the purchase money, with interest thereon.

That the Court erred in requiring the plaintiff to°pay the defendant the sum of eight hundred and fifty dollars for the improvements made on the lot sued for.

The Court erred in ordering that a writ of possession should not issue until the money mentioned in the decree was paid into Court.

The Court erred in decreeing if the money was not paid within twelve months, that title should vest in defendant, and plaintiff forever be barred his right to the land.

The other error assigned in the record, need not be noticed, and perhaps we may not discuss all of the above separately.

The refusal of the Court to allow the plaintiff anything by way of rent for the lot and improvements was doubtless pre-

dicated upon Art. 3234, Hart. Dig. This Article provides that if the defendant in an action to try title shall be able to show that the plaintiff has failed to pay the State taxes assessed on the land sued for, and that defendant has paid them, the plaintiff shall forfeit all right to pay for use and occupation. I have only given the substance of the Article. There was proof as to the payment of the taxes by the defendant, and facts from which the Court might have presumed the plaintiff had not paid the taxes. If the jury had passed upon the facts in this case, and found that plaintiff had not paid the taxes, there would have been no sufficient ground for setting their verdict aside as unsupported by the evidence. The parties substituted the Judge to perform the functions of a jury in this case, and his conclusion on the facts is entitled to as much weight as the finding of the jury, had the case been put to a jury. We can perceive no error in omitting to allow anything for the use and occupation, because he had under the statute forfeited his claim for such compensation.

We believe there is nothing in the next assignment of error. Where a sale has been made on an invalid execution, issued on a valid judgment, and the money paid to the satisfaction of the judgment, and there has been no fraud, the purchaser will not be compelled to restore the property purchased, until reimbursed the amount paid by him ; and it was so ruled by this Court after a thorough investigation of the principle, in Howard and wife v. North, 5 Tex. R. 291. The case of Horan v. Wahrenberger, 9 Tex. R. 313, repeats the rule in the case previously cited, and strongly intimates that in a case where a third person and not the plaintiff in the execution had been the purchaser, and the purchase money paid to satisfy the debt, the judgment was void, though the purchaser would have an equity, entitling him to relief from the debtor. In the case before us, there is no question as to the validity of the judgment, and the admission of its validity by the intestate.

In regard to the next assignment in allowing payment to

the defendant, the Court did not err, because he went in under color of title, and held in good faith without notice that the Sheriff's title had been or ever would be questioned. In fact he had strong reasons to believe that it was valid and would not be controverted ; because there was a valid judgment, and the money was in satisfaction as far as it went of that judgment debt, thereby discharging the debtor for so much.

We do not believe that the Court erred in decreeing that no writ of possession should issue until the money adjudged to the defendant was paid into Court for the benefit of the defendant. The Court no doubt had the right and power to secure the defendant, before he could be disturbed in the possession of the premises, and the analogy furnished by Art. 3228, Hart. Dig. was very judiciously adopted by the Court. But this case does not come under the provisions of the Article just cited, and therefore it was only by analogy it was adopted. Under the circumstances of this case, the Court, on general equity principles and in the discharge of equity jurisdiction, clearly had a right to make the decree, and could have prescribed the time within which it should be paid, and that plaintiff should not have execution of his writ of possession until it was paid. It will be recollected that in this case the full value of the lot, or what is presumed to be its value, had been paid by the purchaser, and the purchase money had been applied to the payment of a valid judgment against the plaintiff's intestate, and pure equity demanded that the money so paid should be reimbursed to the defendant, the party paying it. It is a principle of universal justice, that where one man, acting in good faith, has paid his money or bestowed his labor to the benefit of another, he should receive remuneration, and it always will be awarded to him when the parties are in a Court of competent jurisdiction. The plaintiff in this case relied upon nothing but a shear, technical, legal right, unsupported by any equity at all. It is not pretended that the property sold was not liable for the judgment, or that there

was any unfairness on the part of the purchaser. The plaintiff took his stand on his naked right at law, and he must not expect to obtain his legal right until he has satisfied the claims of equity.

It is sufficient to say, in answer to the plaintiff's last assignment of error, that there is no law fixing the time that shall be allowed to the plaintiff to pay the money ordered to be paid, after which he will be barred a recovery of the premises sued for. This rested in the sound descretion of the Judge making the decree. But in cases somewhat analogous the statute has fixed upon one year as the time limitted, in which the plaintiff may pay for the improvements, and we do not believe the Court erred in adopting that time, (see Article before cited,) and we believe the time sufficiently long.

The judgment and decree of the Court below is affirmed.

Judgment affirmed.