· O. P. Halsey et al. v. Alexine Jones et al.

No. 106.

**1. Probate Court can not Adjudge Property to Administrator at its Appraisement.**

At its March Term, 1840, the Probate Court of Harris County, by order, at instance of administrator to whom the estate was indebted, adjudged a land certificate belonging to the estate to the administrator at its appraised value.    The certificate was subsequently located and patent issued to the heirs.    The heirs sued for the land in 1892.    *Held*, that the order of the Probate Court attempting to vest title in the certificate in the administrator was illegal and void.......................:..... 491

**2. Equities of Purchaser of Void Title.**

The administrator having a valid claim against the estate at the time of his attempted acquisition, which claim was a charge upon the certificate, the heirs are not entitled to recover the land without first paying the purchase money (appraised value) and interest to the date of recovery .......................................................... 491

Error to Court of Civil Appeals for First District, in an appeal from Harris County.

*T. D. Cobbs*, for plaintiffs in error. — 1. The court erred in rendering judgment for plaintiffs for the land, because the evidence showed that the headright certificate of John R. Parker, deceased, for 1280 acres of land, was by the Probate Court of Harris County, at its March Term, 1840, adjudged to John W. Moore, the said court being at the time a court of

competent jurisdiction, and with full and complete power to pronounce the judgment passing the title to such property to said John W. Moore, and thereafter the heirs of said James R. Parker, deceased, had no further title in or further interest in and to said headright certificate, nor to the land located by virtue thereof. The record shows that John W. Moore was appointed tutor to the minor children and heirs of James R. Parker, deceased. It also showed that John W. Moore, as administrator of the estate of James R. Parker, filed his final acccount, showing the amount of debts owing by said estate, and showing that said estate was indebted to him as administrator of said estate, and showing, among other assets of said estate, a headright certificate for 1280 acres of land. It also showed the amount of money which came to his hand as administrator. It also showed that the Probate Court adjudged a headright certificate to John W. Moore, the administrator, as follows:

"March Term, April 4, 1840. The administrator appeared personally in court and submitted his final account. After full investigation of the account, it was ordered, adjudged, and decreed, that the headright of decedent be taken by the administrator at the appraised valuation, it being more than such claims are now selling for, and the same is hereby decreed to him by a full and bona fide title, together with all the rights, privileges, etc., and that the value be credited to the estate. The account as rendered was passed by the court, they being satisfied by the vouchers that the debts were just; and it was further ordered, that the amount of A. Ewing's claim be allowed in full, and that the administrator pay the claim of Dobey & McKaskell in proportion to the amount paid on all the claims. The clerk is instructed to make out and insert in this account all costs of court; thereupon the succession being closed upon payment of all costs. Estate closed." Sayles' Early Laws, arts. 212, 736, sec. 22; Id., art. 1912, sec. 68; Pasch. Dig., art. 1328; Sayles' Civ. Stats., art. 2083, and notes; Erskine v. De la Baum, 3 Texas, 406; Baker v. Coe, 20 Texas, 430; Byars v. Thompson, 80 Texas, 468; Rutherford v. Stamper, 60 Texas, 447; Fisher v. Wood, 65 Texas, 199; 1 Freem. on Judg., 4 ed., 176 (sec. 116), 210–250; Alexander v. Maverick, 18 Texas, 180; Stevens v. Adair, 82 Texas, 214; Simpson v. Chapman, 45 Texas, 566; Barker v. Swinson, 66 Texas, 407; Lynch v. Baxter, 4 Texas, 445; Lawler v. White, 27 Texas, 250; Davis v. Wells, 37 Texas, 606; Fitch v. Boyer, 51 Texas, 343, 344; Pelham v. Murray, 64 Texas, 477; Murchison v. White, 54 Texas, 78; Guilford v. Love, 49 Texas, 719; Kleinecke v. Woodward, 42 Texas, 315; Schoul. on Exrs. and Admrs., sec. 528; Grignon's Lessees v. Star, 2 How., 319; Comstock v. Crawford, 3 Wall., 396; Florintine v. Barton, 2 Wall., 216; Freem. on Judg., secs. 132, 134; Robinson v. Fair, 128 U. S., 53; Pennoyer v. Neff, 95 U. S., 727; Raspberry v. Pulliam, 78 Ala., 193; Storer v. Lane, 20 S. W. Rep., 852.

2. The court erred in not requiring plaintiffs to pay or tender to de-

fendants the sum of $80, amount paid by John W. Moore for the land
certificate, with lawful interest from the 4th day of April, 1840, the date
of said judgment, before plaintiffs could recover the land, if in law
plaintiffs were entitled to recover the land. The proof showed that the
estate of James R. Parker, deceased, was indebted to John W. Moore,
the administrator, in the sum of $700, besides interest. It shows that
the land certificate was appraised by the order of the court at $80. It
showed that after full investigation of the account, it was ordered, ad-
judged, and decreed that the headright of decedent be taken by the ad-
ministrator at its appraised value. Williams v. Wilson, 76 Texas, 69;
Price v. Knights of Honor, 68 Texas, 362.

*Oliver & Oliver*, for defendants in error.—1. The court had no juris-
diction to render the particular decree of April 4, 1840, by virtue of
which appellants claim the land certificate and the land located under it.
Said decree shows on its face that it is absolutely null and void, and did
not pass the title to said certificate to John W. Moore. 1 Sayles' Early
Laws, art. 736, sec. 22; Hall v. Hall, 11 Texas, 526; Withers v. Patter-
son, 27 Texas, 491; Murchison v. White, 54 Texas, 82; Marks v. Hill,
46 Texas, 345; Horan v. Wahrenberger, 9 Texas, 319; Ball v. Collins,
5 S. W. Rep., 622; 1 Black on Judg., secs. 278, 171; Rorer on Jud.
Sales, 203, 204, 207; 2 Am. Law of Adm., 692, et seq.; Henderson v. Bea-
ton, 1 Posey's U. C., 31; Williams v. Conger, 49 Texas, 582; Murphy v.
Welder, 58 Texas, 241; Moss v. Berry. 53 Texas, 632; Satterwhite v. Ros-
ser, 61 Texas, 172; Forbes v. Halsey, 26 N. Y., 53–65; Tewelliger v.
Brown, 44 N. Y., 237–241; Hoffman v. Harrington, 28 Mich., 90.

2. The administration on the estate of James R. Parker having been
closed on April 4, 1840, and said decree being null and void which at-
tempted to give John W. Moore said land certificate at its appraised value
of $80, the estate of James R. Parker owed to John W. Moore in 1840
the $80, precisely as if said sum had never been credited to said estate by
said void order of the court, and the same is now barred by the statutes
of limitation and by laches, and is a stale demand.

GAINES, ASSOCIATE JUSTICE.—The defendants in error brought this
suit to recover of plaintiffs in error a tract of land patented to " the heirs
of James R. Parker." It was admitted in the trial court that they were
such heirs. The defendants below claimed under one J. W. Moore, de-
ceased, and it was also admitted that they were the heirs of the wife of
Moore, and that she was the sole devisee under his will.

It was proved that Moore was the administrator of the estate of James
R. Parker, deceased, and that at the March Term, 1840, of the County
Court of Harris County he filed his final report, showing that the estate
was indebted to him, that it was insolvent, and that among the effects of

the estate was a headright certificate for 1280 acres of land, which he prays that he be allowed to take at a value to be assessed. Upon the hearing on the 4th day of April, 1840, the court approved the account, and decreed that the certificate be taken by the administrator at its appraised value. The account shows that the certificate was appraised at $80.

The defendants, in their answer, prayed judgment for the land, and in the event that it could not be awarded them, that the plaintiffs be required to pay to them, or into court for their benefit, the amount for which the certificate was taken under the attempted transfer by the decree of the County Court.

We concur with the Court of Civil Appeals in holding that the decree of the court, in so far as it purported to invest the administrator with title to the certificate, was void, and deem it unnecessary to add anything to what they have said upon that question. But in their conclusion that the plaintiffs could recover without paying to the defendants the amount at which the value of the certificate was assessed in the transaction, we do not concur.

In Northcraft v. Oliver, 74 Texas, 162, in speaking of a void sale, Mr. Justice Henry says: "But if the property so purchased was at the time of the purchase charged or encumbered with the debt for which it was sold, then independently of the legal proceedings under which it was sold, we think the rule, that the purchase money must be returned before the property can be recovered back by the owner or his heirs, does apply." This is a very clear statement of the rule, and announces the same principle which was applied in French v. Grenet, 57 Texas, 273. See, also, Morton v. Wellborn, 21 Texas, 772; Howard v. North, 5 Texas, 290; Bailey v. White, 13 Texas, 114; Johnson v. Caldwell, 38 Texas, 218; Walker v. Lawler, 45 Texas, 532; McDonough v. Cross, 40 Texas, 251; Herndon v. Rice, 21 Texas, 455.

In this case the order of the court recognized the claims of the administrator as subsisting debts against the estate; and they were charges upon the property in the hands of the administrator. The defendants are therefore entitled to be reimbursed for the amount which was credited upon the claims in the transaction, before the plaintiffs can recover the land. They are also entitled to interest. Mayes v. Blanton, 67 Texas, 245.

The judgment will therefore be reformed so as to allow the plaintiffs in the court below to recover the land, conditioned, however, upon their paying to the defendants within six months from this date the sum of $80, with interest thereon from the 4th of April, 1840. The plaintiffs in error will recover the costs of the appeal and of the writ of error.

*Reformed and affirmed.*

Delivered March 19, 1893.