For reasons stated, the case is reversed and remanded.

### On Motion for New Trial.

When writing the opinion we were under the impression that the record did not show that the money rentals due had been deposited into the registry of the court, and for that reason the case was remanded.

On further examination of the record we find that the money had been placed in the registry of the court. The motion of appellant to reverse and render is granted.

Reversed and rendered.

---

### AGGERS v. BLACKBURN.   (No. 9523.)

(Court of Civil Appeals of Texas. Fort Worth. March 12, 1921.)

1. Escrows ⊂⊃4—Evidence held to show no delivery of a lease through a depositary.

Evidence that the lessor delivered a lease to the lessee to be deposited in a bank in escrow, that the lessee delivered it to a different bank, and did not fulfill the conditions of the proposed escrow agreement, and that the depositary kept the lease until lessor sued to cancel, when it delivered the lease into court, entitled the lessor to a directed verdict on the issue of delivery.

2. Escrows ⊂⊃3—Delivery must be made to third person.

Generally an escrow delivery must be made to a third person.

3. Deeds ⊂⊃56(2)—Handing of instrument to grantee for inspection is not delivery.

The mere handing of a deed to a grantee for inspection does not amount to a delivery, for intention is the essence of delivery.

4. Deeds ⊂⊃56(1)—Transmission to grantee for delivery to depositary not delivery.

Where a deed was handed to grantee to be transmitted to a depositary, who was to hold the same in escrow, there was no delivery.

5. Deeds ⊂⊃64—Acceptance is necessary to make delivery effective.

An acceptance is necessary to make a delivery effective.

Appeal from District Court, Stephens County; W. R. Ely, Judge.

Action by Ed Blackburn against W. A. Aggers. From a judgment for plaintiff, the defendant appeals. Affirmed.

A. S. Hardwicke, of Dallas, and Bottorff & Puett, of Breckenridge, for appellant.

W. C. Jackson, of Breckenridge, for appellee.

DUNKLIN, J. W. A. Aggers, defendant in the trial court, has appealed from a judgment in favor of Ed Blackburn, plaintiff, canceling a certain oil and gas lease on a tract of land in Stephens county, executed by plaintiff in favor of the defendant.

The judgment rendered was predicated upon an instructed verdict in favor of the plaintiff, and the only question presented on this appeal is whether or not that instruction was warranted.

Plaintiff was the only witness who testified upon the trial. According to his testimony the defendant offered to take a lease on the land and to pay therefor the sum of $4,000 in cash within a period of 10 days, the lease to be executed and placed in escrow in a certain bank, to be delivered to the defendant after the $4,000 was paid within the 10-day period; that offer plaintiff agreed to accept, and in compliance therewith he executed the lease in controversy, and handed it to defendant, to be by him carried and deposited in the bank in escrow as the defendant had proposed. In violation of that instruction the defendant deposited the deed in another and different bank, where it remained until after the ex-

piration of the 10-day period, and until the suit was instituted, the defendant having failed to pay into the depository or to plaintiff the $4,000 agreed consideration, or any part thereof.

[1] Plaintiff's testimony was, in effect, that the delivery of the lease to the defendant was not intended or understood by the parties to be a delivery for the purpose of vesting title in the defendant, or for the purpose of placing it within his control, but that it was understood, and intended by both parties, that defendant was merely to act as plaintiff's agent to carry the deed to the bank, and there deposit it in escrow in accordance with the defendant's proposition, made and recited above.

The evidence further shows that the bank, in which the defendant did deposit the lease, was made a party to the suit, and in obedience to an order of the court brought the instrument into court and deposited it with the clerk, subject to the orders of the court, thus placing the instrument within the court's custody. Thereafter the suit against the bank was dismissed.

The fact that the defendant had never taken the lease out of the bank, the fact that he has never paid, or offered to pay, plaintiff any part of the consideration agreed on, the fact that he introduced no testimony or other evidence to controvert the direct testimony of the plaintiff, and the further fact, as recited in the judgment, that defendant's counsel did not move for a continuance of the case in order to procure his own testimony, are circumstances tending to corroborate the plaintiff's testimony.

The only contention made here by appellant is, in substance, that the evidence introduced was not of such a conclusive character as to warrant a peremptory instruction, and that the court erred in not submitting the case to the jury for their determination of the issue whether or not there was such a delivery of the instrument as to render it legally effective, and thus determine whether plaintiff's right of action would be one for cancellation and rescission, or for damages for breach of contract to pay the agreed purchase price for the lease, which is the controlling question.

[2-4] In 8 R. C. L. 984, after announcing the general rule that an escrow delivery must be made to a third person, follows this statement:

"But the rule cannot be extended so as to make a mere handing to the grantee a delivery, where the circumstances show no delivery is intended, as where the intention is merely that the grantee shall examine a deed or transmit it to a third person for a particular purpose, or where a deed on its face is not complete, but requires some further act to be done in order to consummate it, or where the deed is placed in the hands of a grantee with the understanding that it shall be returned to the grantor if he should call for it; if he should not, it is to be placed on record on his death, the delivery in such case being incomplete."

And in the same volume, page 978, the following is said:

"The intention of the parties is an essential element of delivery of a deed. It has been called the essence of delivery, and not only is often the determinative factor among other facts and circumstances, but is the crucial test where constructive delivery is relied upon. Categorically stated, the rule is that to the delivery of a deed it is essential that there be a giving by the grantor and a receiving by the grantee, with a mutual intention to pass the title from the one to the other; or, conversely, that it is sufficient when the deed is executed, and the minds of the parties meet, expressly or tacitly, in the purpose to give it present effect. It is apparent therefore, that something in the nature of contractual consensus is necessary to the final step in the execution of a deed—that the grantor must intend to deliver and the grantee intend to accept."

[5] And, again, on pages 975 and 976, it is pointed out that an estate cannot be thrust upon a person against his will, and that an acceptance by the grantee is necessary to make a delivery effective. To the same effect are announcements in the following authorities: Steffian v. Bank, 69 Tex. 513, 6 S. W. 823; Benavides v. Benavides, 218 S. W. 566; 1 Devlin on Deeds, §§ 262, 285.

Hefron v. Cunningham, 76 Tex. 313, 13 S. W. 260, Holt v. Gordon, 107 Tex. 137, 174 S. W. 1097, and other cases cited by appellant, are to the effect that the grantor in a deed cannot escape the legal effect of its terms by showing that he delivered it to the grantee under a parol agreement that it was not to take effect until the happening of a certain contingency, since parol evidence of that fact would tend to contradict the terms of the written instrument. But those authorities are not applicable here, since in such a case the grantor does intend to deliver the instrument and to surrender to the grantee all control over it, and he cannot ingraft upon it a parol agreement which would destroy or vary its terms. In other words, the essential difference between those cases and the present suit is that in such cases absolute and unconditional control over the deed is vested in the grantee by the grantor, while in the present suit the plaintiff never gave to the defendant such possession and control over the lease, but merely tendered him, as his agent, to carry and deposit it in the bank to be held by the bank in escrow; the bank being agreed upon as an escrow depository by both parties.

For the reasons stated, the judgment is affirmed.