### CARDWELL et al. v. SHIFFLET.*
(No. 7610.)

(Court of Civil Appeals of Texas. San Antonio. Oct. 20, 1926. Rehearing Denied Nov. 17, 1926.)

**1. Husband and wife ⬅=171(1)—Wife may mortgage or give lien on separate estate to secure husband's debt; thereby becoming his surety.**

A married woman may mortgage or give a lien on her separate estate to secure her husband's debt, in which case she becomes his surety.

**2. Husband and wife ⬅=171(8)—Joint deed of wife's land, to secure loan on vendor's lien note, of which husband got benefit, gave lien on her separate estate to secure his debt.**

Wife, joining in husband's deed of her land to his father for purpose of securing loan on latter's vendor's lien note, of which husband got benefit, gave a lien on her separate estate to secure husband's debt, though land was subsequently conveyed to another who paid note.

**3. Vendor and purchaser ⬅=232(1)—Grantee of claimant's daughter's grantee held not innocent purchaser for value, where claimant was in possession.**

One to whom land in open, continuous, adverse possession of one claiming as owner, paying taxes and filing lis pendens notice of suit for recovery thereof, was conveyed by grantee of claimant's daughter and her husband, held not an innocent purchaser for value.

**4. Husband and wife ⬅=171(13)—Equity held to require that wife, to recover land conveyed by her and husband, return amount of vendor's lien note to maker's grantee, who paid it.**

Where wife gave lien on her separate estate, by joining in deed to secure debt of husband, who got money on vendor's lien note, paid by subsequent purchaser from maker, equity held to require that she return amount without interest, as condition precedent to recovery of land.

**5. Trusts ⬅=203—One to whom husband and wife conveyed land to secure loan on vendor's lien note could only convey naked legal title.**

One to whom husband and wife conveyed land to secure loan on vendor's lien note could convey only naked legal title to subsequent purchaser from him.

#### On Motion for Rehearing.

**6. Husband and wife ⬅=171(9)—Wife's execution of joint deed, creating vendor's lien securing notes, gave holder no right to personal judgment against her.**

That wife signed no note with husband and became merely surety for his debt, by executing joint deed creating vendor's lien as security for notes, gave holder thereof a right of action to foreclose lien but not to recover personal judgment against her.

**7. Vendor and purchaser ⬅=299(2)—Assignment of vendor's lien note, paid by maker's grantee, to firm not before court, held immaterial as respects his claim for reimbursement by vendor seeking to recover land.**

Assignment of vendor's lien note to firm, not before court seeking any recovery or adjudication thereof, held immaterial as respects claim of one to whom maker conveyed land for reimbursement of amount of note, which he paid, as condition precedent to vendor's recovery of land.

**8. Husband and wife ⬅=171(13)—Whether note was barred by statute held immaterial in wife's suit to cancel deed creating lien on her separate estate securing it, and recover land from maker's grantee, who paid it.**

Whether note was barred by statute of limitations held immaterial, in wife's suit to cancel deed creating vendor's lien on her separate estate, as security for note and to recover land from maker's grantee, who paid note, as court of equity may require her to return amount to him so as to prevent her from keeping money received and holding land too.

Appeal from District Court, Nueces County; W. B. Hopkins, Judge.

Trespass to try title by James Brown against Katherine Brown Shifflet and others, in which A. M. Cardwell intervened. From a judgment for the named defendant, plaintiff and intervener appeal. Reformed and affirmed.

J. D. Todd and Kleberg & North, both of Corpus Christi, for appellants.

E. B. Ward and James M. Taylor, both of Corpus Christi, for appellee.

COBBS, J. This suit was filed in trespass to try title to recover a tract of 86 acres of land in Nueces county, by appellee against appellants. On the 21st day of July, 1916, James Brown and his wife executed a deed to his daughter Katherine E. Brown, who afterwards became the wife of L. G. Shifflet. It recited a consideration of $4,000, $2,500 cash

---

and a vendor's lien note for $1,500, none of which was ever paid by L. G. Shifflet.

At the time of the trial, Brown was 79 years old. He signed this deed to his daughter two weeks before she would have been 16 years old, which would occur on August 24, 1916. After signing the deed, Brown handed it to Mr. J. L. Jacoby, a notary public, who took the acknowledgment, and asked him to put it away for safe-keeping, stating he was planning to leave shortly for Iowa, and, if anything happened to him and he did not return, the deed should be delivered to his daughter's guardian to be held by him until she reached the age of 21, at which time it was to be delivered to the daughter. He did not intend to deliver the deed to her until she was 21 years of age. But, notwithstanding these instructions to Mr. Jacoby, the deed was filed for record on August 3, 1916, and recorded August 4, 1916, without the grantor's knowledge or consent, and while the grantor was away on his trip.

On the 19th day of September, 1919, Katherine Brown married L. G. Shifflet, without the consent of her parents, he being 10 or 12 years older than she was; and she was afterwards divorced from him. L. G. Shifflet was not present at the trial, and his whereabouts were unknown. Within two or three months after their marriage, L. G. Shifflet, wishing to borrow money, induced his wife to join him in a deed to his father for that purpose, so that they could get a vendor's lien note signed by him for $1,500 on which to borrow money from some innocent person. The deed was signed by L. G. Shifflet and Katherine E. Shifflet, conveying the land in controversy to J. C. Shifflet, who was not himself expected to pay any money. This deed was dated December 13, 1919, and filed for record December 15, 1919, and duly recorded. Though it was known that the deed was not an absolute conveyance of the land, her acknowledgment had no qualification showing that it was not absolute, but erroneously recited that it was "willingly signed for the purposes and consideration therein expressed." On its face it recited an absolute deed, with the payment of money, when in fact it was not, but was intended only as security for a contemplated loan. Stone v. Sledge (Tex. Civ. App.) 24 S. W. 697; Blume v. White (Tex. Civ. App.) 111 S. W. 1066.

The deed recited a consideration of $4,000 with $2,500 to be paid in cash, which was never intended to be paid, and a note for $1,500, payable one year after date, signed by the alleged payee, who retained the note for the purpose of negotiating a loan of money. He paid nothing for the land, and paid nothing on the note. Without having paid the consideration mentioned in the deed, J. C. Shifflet, on the 27th day of April, 1920, conveyed the land to A. M. Cardwell for the recited consideration of $4,500 cash, and the one note for $1,500, expressed in the Shifflet deed dated December 13, 1919, and two notes for $500, due January 1, 1921 and 1922, respectively.

On the 24th day of April, 1920, and prior to the date of the deed of J. C. Shifflet to A. M. Cardwell, James Brown brought his suit in the district court of Nueces county to recover the land in controversy from Katherine Brown Shifflet and her husband, L. G. Shifflet, and J. C. Shifflet, and contemporaneously therewith a lis pendens was filed, as follows:

"In District Court of Nueces County, Texas, July Term, 1920.  Filed 24th day of April, 1920.

"James Brown v. Katherine Brown Shifflet et al.  No. 6547.

"Notice is hereby given that the above styled and numbered cause is now pending in the district court of Nueces county, Tex., wherein James Brown is plaintiff and Katherine Brown Shifflet, L. G. Shifflet, and J. C. Shifflet, are defendants, and numbered 6547, on the docket of said court.

"This suit is an action in 'trespass to try title and for damages,' brought by plaintiff against the defendants for the title and possession of the hereinafter described real estate situated in Nueces county, Tex., to wit: What is known and designated as farm tract No. 62 of the Geo. H. Paul subdivision of the Famous Driscoll ranch, lying north of the Texas-Mexican Railway and west of the St. Louis Brownsville & Mexican Railway, as shown by map or plat of said subdivision on file in the office of the county clerk of Nueces county, Tex.

"E. B. Ward.
"Attorney for James Brown."

Thereafter, on March 23, 1922, A. M. Cardwell, claiming an interest in the property, filed a plea of intervention, seeking a recovery thereof by virtue of his deed. All the parties filed proper pleadings that were responsive and sufficient for the court to administer such legal or equitable relief necessary.

The case was tried with a jury. When the evidence was completed, all the parties requested an instructed verdict. The court instructed the jury to return a verdict for the defendant Katherine Brown Shifflet against all the parties, and they so returned a verdict, and judgment was duly rendered thereupon.

James Brown appealed from the judgment of the court, but, as the judgment was in favor of his daughter in pursuance with his deed to her, it is not material as to the adjudication of this right between them, since the title was adjudged in the name of the daughter, subject to the lien created by her on the property. James Brown never delivered the deed to his daughter, or authorized any one else to do so, and never authorized its registration. He placed the deed in escrow. Laying out of sight any question of homestead, it was intended as a gift to her

from her father as her separate estate. J. C. Shifflet took title to the property without paying one cent therefor, but it was never intended that he himself should pay the money; it was the result of the collaborated plan that he would secure a loan from some innocent person, which he never succeeded in doing. Subsequently he conveyed the property to A. M. Cardwell, who paid off the $1,500 note, though himself not an innocent holder, nor a purchaser in good faith for value without notice.

[1-3] A married woman may mortgage or give a lien on her separate estate to secure her husband's debt, in which case she becomes his surety, and as to that $1,500 note, that is all this transaction amounts to. The character of the security did not change by the conveyance to Cardwell; its object and purpose was accomplished, and for the sake of this case it makes no difference which one of the two paid it, Katherine's husband got its benefit. Cardwell was not an innocent purchaser for value.

James Brown continued in open and adverse possession of the land all the time, claiming it and paying the taxes thereon. This was well known to all the parties, and while so in possession thereof filed his suit for its recovery and contemporaneously filed his lis pendens. When Cardwell purchased, he had notice of Brown's possession and claim, and likewise further constructive notice of the lis pendens.

[4] There is no element of innocence or good faith in his purchase. However, since Mrs. Shifflet had the right to give a lien on her private property and separate estate to secure her husband's debt, and her husband finally got the money on the note, we think equity will be correctly administered by requiring Katherine Shifflet to return the $1,500 conditioned upon her recovery.

[5] It is true that J. C. Shifflet held only the naked legal title to the land, and that was all he could convey. Katherine Brown Shifflet did not join in the deed to Cardwell, neither did her husband, L. G. Shifflet, join in the deed.

As to any claim to the land as against the interest of Katherine Brown Shifflet, Cardwell was an interloper, with no right, title, or interest therein, except such as a court of equity may give. The right to be reimbursed for the $1,500 is one that is imposed by a court of chancery upon an equitable rule that the party who comes into court seeking equity must himself do equity, and not be allowed to hold both the land and the money. The facts upon which to base this relief are very shadowy, but we think, as Cardwell paid the note, he should be reimbursed to the extent of the principal, without any interest whatever. A very serious question arises as to whether or not his claim was altogether barred by the statute of limitation,

as asserted and urged by appellee, but we think justice requires that appellee return the money as a condition precedent to entitle her to a recovery of the land.

We have very carefully examined all assignments and points discussed by appellant, which are all overruled, save the fourth proposition, which we sustain. Hall v. Dotson, 55 Tex. 520; Swann v. Rotan State Bank (Tex. Civ. App.) 254 S. W. 647; Red River National Bank v. Ferguson, 109 Tex. 287, 206 S. W. 923; Friedsam v. Rose (Tex. Civ. App.) 271 S. W. 421; Tuerpe v. G. W. Saunders Com. Co. (Tex. Civ. App.) 259 S. W. 649. See, also, Halsey v. Jones, 86 Tex. 488, 25 S. W. 696.

The judgment will therefore be reformed so as to allow Katherine Brown Shifflet to recover the land as decreed, conditioned, however, upon the payment to appellant Cardwell within six months from this date (Id. Halsey v. Jones) the sum of $1,500, without interest. Appellee shall recover all costs of this court and of the trial court against appellants.

Reformed and affirmed.

### On Motion for Rehearing by Both Parties.

[6] We are not unmindful of the fact that Katherine Brown Shifflet signed no note with her husband, and as to him she became merely a surety by reason of the execution of the joint deed with her husband creating a vendor's lien on the land as security for the $1,500 note. This as a matter of course gave the holder of the note a right of action to foreclose the lien on the land but no right to recover a personal judgment against her, and, for the purpose of foreclosure of the mere lien, no personal judgment was necessary against her.

[7, 8] We do not think the question of the note having been assigned to H. M. Reed & Co. is material here. It went to A. M. Cardwell, who it is claimed paid it and is here suing for it. The firm of Reed & Co. is not before this court, seeking any recovery or any adjudication of the note; only A. M. Cardwell is here asserting claim by reason of his obligation to pay. Whether the note is barred by the statute of limitations or not is not important, and can make no difference, since Katherine Brown Shifflet brings this suit to cancel her own deed, to recover the land, and thus repudiate the whole transaction, and keep the money received upon the land and hold the land too. A court of equity in such a case may place a condition upon her recovery. In the case of Halsey v. Jones, 86 Tex. 488, 25 S. W. 696, cited by us, the great and learned Justice Gaines required the return of the consideration of money paid as a condition precedent, after a period of about 40 years.

We have not thought it necessary, from the view we take of this case, to consider and

discuss the transaction between the Shifflets and Cardwell, and as to which one owed the other and balance accounts between them, or how these payments were made, for Katherine was not paid any money, nor was it necessary in the transaction that she should be.

So we pass those matters out of sight, and compel Katherine Brown Shifflet to repay the $1,500, for, which she is surety, and for which her land was pledged to secure, as a condition of her recovery.

The motion for rehearing by each party is overruled.