## CARDWELL v. SHIFFLET et al.
### (No. 771–4748.)

Commission of Appeals of Texas, Section B. May 4, 1927.

**1. Deeds ⬗54—Delivery is essential to validity of existence of deed.**

Delivery is as essential to validity and existence of deed as is the signing or any other part of execution.

**2. Deeds ⬗56(5)—In trespass to try title, where plaintiff had signed deed to daughter but did not authorize delivery and deed was registered, without his consent, plaintiff was entitled to judgment as against daughter and purchasers with notice.**

Where plaintiff, after signing deed to his daughter, handed it to another to be delivered to daughter at age of 21 and deed was filed for record without grantor's knowledge or consent and daughter and her husband executed conveyance to husband's father, who sold to C., plaintiff was entitled to judgment in trespass to try title, where C. was not an innocent purchaser, since there had been no delivery of deed.

**3. Vendor and purchaser ⬗232(1)—Possession is notice of all rights claimed by occupant.**

Possession was sufficient to charge purchaser and all other persons dealing with property with notice of rights claimed by occupant.

**4. Lis pendens ⬗25(1)—One purchasing after lis pendens was filed in trespass to try title suit could not be purchaser for value without notice.**

One purchasing property after plaintiff had filed lis pendens in trespass to try title suit could not be purchaser for value without notice of plaintiff's rights.

**5. Appeal and error ⬗1095—Court of Civil Appeals' finding, not attacked, is binding on Commission of Appeals.**

General finding of Court of Civil Appeals that there was no element of innocence or good faith in purchase of land in suit, not attacked by any one, is binding upon Commission of Appeals.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Trespass to try title by James Brown against Katherine Brown Shifflet and others, in which A. M. Cardwell intervened. Judgment for the defendant named was reformed and affirmed by the Court of Civil Appeals (288 S. W. 525), and all parties bring error. Judgments of district court and Court of Civil Appeals reversed and rendered.

J. D. Todd and Kleberg & North, all of Corpus Christi, for plaintiff in error.

James M. Taylor and E. B. Ward, both of Corpus Christi, for defendants in error.

SPEER, J. A statement of the case taken from the opinion by the Court of Civil Appeals (288 S. W. 525), is as follows:

"On the 21st day of July, 1916, James Brown and his wife executed a deed to his daughter, Katherine E. Brown, who afterwards became the wife of L. G. Shifflet. It recited a consideration of $4,000, $2,500 cash and a vendor's lien note for $1,500, none of which was ever paid by L. G. Shifflet.

"At the time of the trial, Brown was 79 years old. He signed this deed to his daughter two weeks before she would have been 16 years old, which would occur on August 24, 1916. After signing the deed, Brown handed it to Mr. J. L. Jacoby, a notary public, who took the acknowledgment, and asked him to put it away for safekeeping, stating he was planning to leave shortly for Iowa, and, if anything happened to him and he did not return, the deed should be delivered to his daughter's guardian to be held by him until she reached the age of 21, at which time it was to be delivered to the daughter. He did not intend to deliver the deed to her until she was 21 years of age. But notwithstanding these instructions to Mr. Jacoby, the deed was filed for record on August 3, 1916, and recorded August 4, 1916, without the grantor's knowledge or consent, and while the grantor was away on his trip.

"On the 19th day of September, 1919, Katherine Brown married L. G. Shifflet, without the consent of her parents, he being 10 or 12 years older than she was, and she was afterwards divorced from him. L. G. Shifflet was not present at the trial, and his whereabouts were unknown. Within two or three months after their marriage, L. G. Shifflet, wishing to borrow money, induced his wife to join him in a deed to his father for that purpose, so that they could get a vendor's lien note signed by him for $1,500 on which to borrow money from some innocent person. The deed was signed by L. G. Shifflet and Katherine E. Shifflet, conveying the land in controversy to J. C. Shifflet, who was not him-

self expected to pay any money. This deed was dated December 13, 1919, and filed for record December 15, 1919, and duly recorded. Though it was known that the deed was not an absolute conveyance of the land, her acknowledgment had no qualification showing that it was not absolute, but erroneously recited that it was 'willingly signed for the purposes and consideration therein expressed.' On its face it recited an absolute deed, with the payment of money when in fact it was not, but was intended only as security for a contemplated loan. Stone v. Sledge (Tex. Civ. App.) 24 S. W. 697; Blume v. White (Tex. Civ. App.) 111 S. W. 1066.

"The deed recited a consideration of $4,000 with $2,500 to be paid in cash, which was never intended to be paid, and a note for $1,500, payable one year after date, signed by the alleged payee [payor], who retained the note for the purpose of negotiating a loan of money. He paid nothing for the land, and paid nothing on the note. Without having paid the consideration mentioned in the deed, J. C. Shifflet, on the 27th day of April, 1920, conveyed the land to A. M. Cardwell for the recited consideration of $4,500 cash, and the one note for $1,500, expressed in the Shifflet deed dated December 13, 1919, and two notes for $500, due January 1, 1921 and 1922, respectively.

"On the 24th day of April, 1920, and prior to the date of the deed of J. C. Shifflet to A. M. Cardwell, James Brown brought his suit in the district court of Nueces county to recover the land in controversy from Katherine Brown Shifflet and her husband, L. G. Shifflet, and J. C. Shifflet, and contemporaneously therewith a lis pendens was filed, as follows:

"'In District Court of Nueces County, Texas, July Term, 1920. Filed 24th day of April, 1920. James Brown v. Katherine Brown Shifflet et al. No. 6547. Notice is hereby given that the above styled and numbered cause is now pending in the district court of Nueces county, Tex., wherein James Brown is plaintiff and Katherine Brown Shifflet, L. G. Shifflet, and J. C. Shifflet are defendants, and numbered 6547 on the docket of said court. This suit is an action in "trespass to try title and for damages," brought by plaintiff against the defendants for the title and possession of the hereinafter described real estate situated in Nueces county, Tex., to wit, what is known and designated as farm tract No. 62 of the Geo. H. Paul subdivision of the Famous Driscoll ranch, lying north of the Texas-Mexican Railway and west of the St. Louis Brownsville & Mexican Railway, as shown by map or plat of said subdivision on file in the office of the county clerk of Nueces county, Tex. E. B. Ward, Attorney for James Brown.'

"Thereafter, on March 23, 1922, A. M. Cardwell, claiming an interest in the property, filed a plea of intervention, seeking a recovery thereof by virtue of his deed. All the parties filed proper pleadings that were responsive and sufficient for the court to administer such legal or equitable relief necessary. The case was tried with a jury. When the evidence was completed, all the parties requested an instructed verdict. The court instructed the jury to return a verdict for the defendant Katherine Brown Shifflet against all the parties, and they so returned a verdict, and judgment was duly rendered thereupon."

The Court of Civil Appeals reformed the judgment of the trial court, and permitted Katherine Brown Shifflet to recover the land involved in the suit, conditioned, however, upon the payment by her to appellant Cardwell, within six months, of the sum of $1,500 without interest.

Writs of error have been granted to all parties.

The Court of Civil Appeals, in disposing of plaintiff in error James Brown, said:

"James Brown appealed from the judgment of the court, but, as the judgment was in favor of his daughter in pursuance with his deed to her, it is not material as to the adjudication of this right between them, since the title was adjudged in the name of the daughter, subject to the lien created by her on the property."

But, James Brown is not content to be thus summarily disposed of, but insists that it is material that his rights be determined, and, indeed, it is difficult to understand how a judgment in favor of his daughter, one of the defendants in his suit of trespass to try title, could render immaterial the issue of title between him and her. The Court of Civil Appeals, as will appear from the statement already quoted, touching upon this issue, found:

"After signing the deed, Brown handed it to Mr. J. L. Jacoby, a notary public, who took the acknowledgment, and asked him to put it away for safe-keeping, stating he was planning to leave shortly for Iowa, and, if anything happened to him and he did not return, the deed should be delivered to his daughter's guardian to be held by him until she reached the age of 21, at which time it was to be delivered to the daughter. He did not intend to deliver the deed to her until she was 21 years of age. But notwithstanding these instructions to Mr. Jacoby, the deed was filed for record on August 3, 1916, and recorded August 4, 1916, without the grantor's knowledge or consent, and while the grantor was away on his trip."

That court further found:

"James Brown never delivered the deed to his daughter, or authorized any one else to do so, and never authorized its registration. He placed the deed in escrow."

[1] These findings of fact are not attacked by any one, and are here assigned as reasons why that court should have rendered judgment for James Brown. We think the contention must be sustained. It is undisputed the title was originally in James Brown, and all parties claim under him as common source. So that, in his action of trespass to try title, if the facts are that such title has never passed out of him, necessarily he should recover. The only ground for suggesting that title ever did pass out of James Brown is, of course, his deed to his daughter Katherine, but the unchallenged findings above set out show that no deed was ever ex-

ecuted by him to his daughter Katherine; that is to say, no delivery was ever made. Now, delivery is as essential to the validity and existence of a deed as is the signing or any other part of the execution. The principle announced by Judge Gaines in Steffian v. Bank, 69 Tex. 513, 6 S. W. 824, has been the basis of many decisions since that time. It is as follows:

"It is elementary law that the delivery of a deed is requisite to its validity as a conveyance. To take effect it is quite as necessary that it should be delivered as that it should be signed. To complete a delivery in its legal sense two elements are also essential. The instrument must not only be placed within the control of grantee, but this must be done by the grantor with the intention that it shall become operative as a conveyance."

See, also, Coleman v. Easton (Tex. Com. App.) 249 S. W. 200; Morris v. Logan (Tex. Civ. App.) 273 S. W. 1019 (writ refused).

[2, 3] Now, the unchallenged finding of the Court of Civil Appeals being that James Brown never delivered this deed to his daughter or authorized any one to do so and never authorized its registration, no judgment other than one for James Brown can be sustained, unless there is some right in Cardwell upon the principle of innocence and good faith in his purchase. Here again under the undisputed facts there is no element of innocent purchaser in the case. It is undisputed that James Brown has all times been in the actual possession of the property, and this fact alone is sufficient to charge Cardwell and all other persons dealing with it with notice of all rights whatsoever claimed by the occupant. In Collum v. Sanger Bros., 98 Tex. 162, 82 S. W. 459, 83 S. W. 184, Chief Justice Gaines writing the opinion for the Supreme Court, it is said:

"We think it a safe and salutary rule to require of a prospective purchaser of land to ascertain whether any other be in occupancy of it; and if there be such possession, to go to the possessor and ascertain the nature and extent of his claim. Possession is evidence of title, and it seems to us that common prudence and common honesty demand this course. If so the possession should be notice to him, and if notice to a purchaser it is notice to a creditor."

The point is not ruled by the decision in Eylar v. Eylar, 60 Tex. 315, for there was in that case a deed of conveyance, valid upon its face, actually executed and delivered by the party in possession. Here no deed was ever executed and delivered by James Brown. The instrument through which all the other parties claim is in legal effect no more than a forgery.

[4, 5] In the next place, three days prior to Cardwell's purchase from J. C. Shifflet, James Brown filed a lis pendens in his trespass to try title suit, by reason of which further fact Cardwell could not be a purchaser

for value without notice. Indeed, the Court of Civil Appeals has itself made a general finding that "there is no element of innocence or good faith in his purchase," and again this finding is not attacked by any one and as such is binding upon us. So that, we are of the opinion the judgments of both courts should be reversed, and judgment should be rendered by the Supreme Court in favor of plaintiff in error James Brown for the land in controversy.

Of course, what we have said renders immaterial any consideration of the relative rights between Katherine Brown Shifflet and plaintiff in error Cardwell. If the result works a hardship upon Cardwell, it is regrettable, but the law cannot save him harmless by permitting him to have or charge the property of plaintiff in error James Brown. We accordingly therefore recommend that the judgments of the district court and of the Court of Civil Appeals be reversed, and that judgment be here rendered in favor of plaintiff in error James Brown.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals reversed, and judgment rendered for plaintiff in error James Brown, as recommended by the Commission of Appeals.