ᵢ **PELICAN OIL & GAS CO. v. EDSON PETROLEUM CO. et al.**

No. 5305.

Court of Civil Appeals of Texas. Texarkana.

Jan. 5, 1939.

Reagan & Bowyer and Hamlin Smithdeal, all of Dallas, for appellant.

Ramey, Calhoun & Marsh, of Tyler, and A. G. Schluter, of Jefferson, for appellees.

WILLIAMS, Justice.

In this trespass to try title action, lessors Monroe Stone and wife, Minnie, the common source of title, on July 11, 1935, executed an oil and gas lease to appellant, Pelican Oil & Gas Company, plaintiff below, covering fifty acres of land, their homestead, out of the John Hanks Survey in Marion County. Lessors maintain that they handed the lease with draft attached to the notary who took the acknowledgment with the intention and understanding that the lease and its delivery would not become effective unless the consideration was deposited to their credit in the Rogers National Bank within four days from July 11th. The draft was paid by a Shreveport, Louisiana, bank on July 15th, and proceeds credited to lessors in the local bank on July 17th. This lease was filed for record at 10:45 A. M., July 17, 1935. On July 16th, 1935, at the instance of lessors, their son J. B. Stone inquired at the local bank and was informed that this deposit had not been made. Later the same day lessors executed an oil and gas lease on the same land to J. B. Stone which was filed for record at 5:15 P. M., July 16, 1935. It is undisputed that prior to 9:30 or 9:45 A. M. of July 17th, J. B. Stone had executed and delivered to W. C. Windsor an assignment of his lease, and payment for same had been consummated. J. B. Stone in his transaction acted with notice. Appellant contends that Windsor had constructive notice, but concedes that Windsor was without actual notice of the former transaction, acted in good faith, was a bona fide purchaser, and paid a valuable consideration. Windsor filed his assignment July 17, 1935, at 2:45 P. M. Later Windsor sold and assigned to Edson Petroleum Company an interest in the lease. Lessors have at all times refused to accept the funds deposited to their credit by plaintiff. Prices for mineral interests were fluctuating from the oil excitement that then prevailed.

Plaintiff sued Windsor and Edson Petroleum Company, alleging a formal trespass to try title action for the mineral leasehold estate, and sought judgment for the title and possession, writ of restitution, and damages. Defendants in their cross-action also alleged a formal trespass to try title action and asked judgment for title and possession of the leasehold mineral estate, and for removal of cloud from their title, and for cancellation of the instrument dated July 11th. Litigants respectively pleaded usual general demurrer, denial, and not guilty. In addition to the foregoing, defendant pleaded and urged: (1) That they were innocent and bona fide purchasers for value without notice, actual or constructive; (2) that the lease dated July 11th was placed by lessors with an employee and agent of plaintiff with the understanding and agreement that said instrument should not take effect as a lease, nor operate as such, nor be delivered to plaintiff unless the consideration therefor should be placed to the credit of lessors in Rogers National Bank within four days from and after July 11th; that it was agreed that if such money were not so placed in this bank within this period of time, the transaction was to be a nullity and the lease returned to lessors; that the consideration was not so timely deposited, and plaintiff in violation of agreement converted and filed the lease for record instead of returning it to lessors. Judgment was entered that plaintiff take nothing, with a denial of damages or writ of restitution. Defendants were decreed title and possession of the leasehold estate and removal of cloud upon their title, and cancellation of the first instrument.

The jury in response to issue No. 1 found that it was verbally stipulated at the time and in connection with the execution of the lease dated July 11th that the lease was not to become effective unless the money paid for the lease was on deposit in the Rogers National Bank in Jefferson, Texas, to the credit of lessors within four days from the time said lease was executed. Plaintiff in various propositions attacks the submission of this issue and this defense urged by defendants, in that it is an attempt to vary and alter the terms of a written instrument by parol;

the delivery of the lease to the agent and employee of plaintiff being a delivery to plaintiff and such delivery not being in escrow, the lease took effect from the time of its delivery on July 11th. C. S. Stutz, a resident of Marion County and a long acquaintance of lessors, took the acknowledgments. Stutz was employed by plaintiff at a certain per diem pay to take acknowledgments and to guide John Magale, the field man and representative of plaintiff, in locating acreage and the owners. The lease was attached to a draft drawn by Magale on plaintiff at a Shreveport bank in the amount of the consideration to be paid for the lease. These instruments were handed to Stutz by lessors in the presence of Magale at lessors' home some miles distant from the Rogers National Bank in Jefferson. Stutz deposited the instruments in that bank for collection with instructions "to return it right away if it was not paid on presentation." It is the position of plaintiff, supported by evidence, that lessors placed the lease and draft with Stutz to be deposited in the local bank for collection and there was no time limit on it, other than the time it should take the bank to collect it. It is the position of defendants, supported by evidence, that the lease and draft were handed to Stutz with the understanding and agreement that the lease was to be deposited in the local bank and the money for the lease would be paid in to lessors' credit at the bank within four days from that date, and if not so paid in, the deal would be off and the lease a nullity.

▊ The question of the intention of the lessors in the manual delivery of the lease to Stutz to be determined from all the facts and circumstances surrounding the transaction became an issue of fact. Henry v. Phillips, 105 Tex. 459, 151 S.W. 533; Huff v. Crawford, 89 Tex. 214, 34 S.W. 606; Coleman v. Easton, Tex.Com.App., 249 S.W. 200; More v. More, Tex.Civ. App., 7 S.W.2d 1096; 14 Tex.Jur. p. 841, Sec. 76. And this controversy as to the intent having been decided adversely to plaintiff's contention and there being evidence to support such finding, further details of the facts and circumstances surrounding the delivery of the lease to Stutz are not necessary. Under such findings the delivery of these instruments to Stutz was not a surrender to the grantee (plaintiff) of the unconditional control over the lease with the intent on the part of the lessors that it should become effective or operative presently as a conveyance. As held in Steffian v. Milmo Nat. Bank, 69 Tex. 513, 518, 6 S.W. 823, 824: "To complete a delivery in its legal sense, two elements are also essential. The instrument must not only be placed within control of the grantee, but this must be done by the grantor with the intention that it shall become operative as a conveyance." The delivery of this lease to Stutz was for transmittal to a third person (the Rogers Bank) which was to hold it and deliver the lease to plaintiff if the consideration were paid into that bank to lessors' credit within four days from July 11th. The consideration was not so paid in until the 17th. The delivery never became effective. There being no delivery, the lease did not become operative. Steffian v. Milmo Nat. Bank, supra; Coleman v. Easton, Tex.Com.App., 249 S.W. 200; Cardwell v. Shifflet, Tex.Com.App., 294 S.W. 519; Aggers v. Blackburn, Tex. Civ.App., 230 S.W. 424; 16 Am.Jur. p. 501, Sec. 115, and authorities there cited. The decisions of Holt v. Gordon, 107 Tex. 137, 174 S.W. 1097; Springfield Fire & Marine Ins. Co. v. Morgan, Tex.Civ.App., 202 S.W. 784; and McClendon v. Brockett, 32 Tex.Civ.App. 150, 73 S.W. 854, cited by plaintiff are not applicable under this record. In each of those decisions the grantor intended to deliver the instrument and to surrender to the grantee all control over the instrument.

July 14, 1935, fell on a Sunday. If it be conceded that Sunday was not to be included in the four days computation, and calculating the time "from and after July 11th," or "from July 11th" and thus excluding these two days, the deposit was not made to lessors' credit in the Rogers National Bank within four days. From the undisputed evidence this deposit was made on the 17th. The proposition which attacks the testimony given by Mrs. Minnie Stone goes to the weight and not to the admissibility of same, and is overruled.

As we have concluded that the delivery never became effective and the lease into plaintiff was inoperative, we pretermit a discussion of the defense of innocent purchaser for a valuable consideration without actual or constructive notice. We deem it unnecessary to discuss other issues determined by the jury.

The judgment is affirmed.